# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| LOOPS, L.L.C., a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MAXILL INC., a Canadian corporation, et al.<br><br>Defendants. | Case No.: 4:25-cv-02346-BYP<br><br>JUDGE BENITA Y. PEARSON |

## MOTION TO STAY PROCEEDINGS OR
## EXTEND TIME TO FILE RESPONSIVE PLEADINGS

Defendant Maxill Inc., a Canadian Corporation, ("***Maxill Canada***"), Maxill, Inc., an Ohio Corporation ("***Maxill Ohio***"), Maxill Realty, Inc., an Ohio corporation ("***Maxill Realty***"), and John D. Shaw ("***Shaw***") (collectively, "***Defendants***") hereby submit this Motion to Stay Proceedings (the "***Motion to Stay***") and respectfully request that the Court enter an order: (i) staying this proceeding with respect to Maxill Canada and Shaw through the pendency of the Chapter 11 Bankruptcy filed by Maxill Ohio and Maxill Realty in the United States Bankruptcy Court for the Northern District of Ohio;[1] and (ii) extending the deadline for the Defendants to file responsive pleadings until twenty-one (21) days after the stay is lifted. In the alternative, if the

---

[1] An automatic stay is in effect with respect to Maxill Ohio and Maxill Realty enjoining the prosecution of the above captioned case against those entities. *See* ECF No. 15 at p. 1.

1

Court does not enter an order staying this matter with respect to Maxill Canada and Shaw, Defendants respectfully request an order extending the time for Maxill Canada and Shaw to file responsive pleadings until January 15, 2026, or ten (10) days after the entry of an order resolving Defendants' Motion to Stay if such an order is entered on or after January 15, 2026, and for Maxill Realty and Maxill Ohio until 21 days after the automatic bankruptcy stay is lifted.

Dated December 23, 2025

Respectfully submitted by:

*/s/ Andrew Alexander*

Mark W. McDougall (#0080698)
mmcdougall@calfee.com
Andrew W. Alexander (#0091167)
aalexander@calfee.com
CALFEE HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
Telephone: (216) 622-8200
Facsimile: (216) 241-0816

*Attorneys for Defendants Maxill Inc., a Canadian Corporation, Maxill Inc., an Ohio corporation, Maxill Realty, Inc., an Ohio corporation, and John Shaw*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| LOOPS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>MAXILL INC., a Canadian corporation, et al.<br><br>    Defendants. | Case No.: 4:25-cv-02346-BYP<br><br>JUDGE BENITA Y. PEARSON<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS OR EXTEND TIME TO FILE RESPONSIVE PLEADINGS** |

## INTRODUCTION

On October 30, 2025, Plaintiff LOOPS, L.L.C. ("***LOOPS***") filed its Complaint against Defendant Maxill Inc., a Canadian Corporation, ("***Maxill Canada***"), Maxill, Inc., an Ohio Corporation ("***Maxill Ohio***"), Maxill Realty, Inc., an Ohio corporation ("***Maxill Realty***"), and John D. Shaw ("***Shaw***") (collectively, "***Defendants***") for patent infringement and fraudulent transfer. *See* ECF No. 1. In its Complaint, Plaintiff brings two claims for patent infringement against Defendants Maxill Canada, Maxill Ohio, Maxill Realty, and Shaw—as well as BaderCap Pty Ltd. ("***BaderCap***")—and one claim for fraudulent transfer against Defendants Maxill Realty and Shaw—as well as BaderCap. *Id*. at pp. 10-22. The factual bases for Plaintiff's claims against Defendants Maxill Canada, Maxill Ohio, Maxill Realty, and Shaw are essentially the same, and Plaintiff repeatedly alleges that "Defendants are alter egos and/or agents of each other, such that the acts and/or knowledge of one are imputed to the other" *Id*. at ¶ 38, 48.

3

On December 9, 2025, (the "**Petition Date**"), Maxill Ohio and Maxill Realty (the "**Debtors**") filed Voluntary Chapter 11 Petitions in the United States Bankruptcy Court for the Northern District of Ohio in Case Nos. 25-41500 and 25-41501. Accordingly, an automatic stay is in effect with respect to Maxill Ohio and Maxill Realty enjoining the prosecution of the above captioned case against Debtors. *See* § 362 of Title 11 of the United States Code. However, the bankruptcy stay does not automatically extend to Maxill Canada or Shaw. Accordingly, Defendants respectfully request that the Court enter an order staying this proceeding with respect to Maxill Canada and Shaw through the pendency of the bankruptcy filed by Maxill Ohio and Maxill Realty to avoid duplicative litigation and promote judicial economy and efficiency. Alternatively, Defendants request an extension of time to file responsive pleadings: January 15, 2026, for Maxill Canada and Shaw and 21 days after the automatic bankruptcy stay is lifted for Maxill Ohio and Maxill Realty.

## LAW AND ARGUMENT

I.  *Stay of Proceedings*

Courts have the "inherent authority to stay [] proceedings" as an incident to their power to control their own dockets. *See, e.g.*, *Horizon Global Ams., Inc. v. N. Stamping, Inc.*, No. 1:20-CV-00310-PAB, 2025 U.S. Dist. LEXIS 202999, at *5 (N.D. Ohio Oct. 15, 2025) (internal citations omitted). "[C]ourts faced with automatic bankruptcy stays that affect only one of several codefendants often elect to stay all claims in the case to avoid inefficient, piecemeal litigation." *Putman v. Cty. of Tuscola*, No. 1:23-cv-10427, 2025 U.S. Dist. LEXIS 48100, at *9 (E.D. Mich. Mar. 17, 2025). "In exercising that discretion, 'a district court generally considers three factors: (1) any prejudice to the non-moving party if a stay is granted, (2) any prejudice to the moving party if a stay is not granted, and (3) the extent to which judicial economy and

efficiency would be served by the entry of a stay." *Horizon*, at *5 (quoting *Griffin v. Portaro Group, Inc.*, No. 1:18-CV-2786, 2019 U.S. Dist. LEXIS 63488, at *3 (N.D. Ohio Apr. 12, 2019)). Here, the interests of judicial economy and efficiency outweigh any potential prejudice to the parties.

Plaintiff LOOPS has brought patent infringement and fraudulent transfer claims against the Defendants based on essentially the same factual allegations and underlying conduct. *See e.g.*, ECF No. 1 at ¶ 29-31, 34, 37, 38-41, 44, 47-51, 54-56, 66. Accordingly, the claims against all the Defendants are inextricably intertwined and overlapping such that proceeding piecemeal against Maxill Canada and Shaw would require duplicative discovery, duplicative dispositive motion practice, and duplicative trials after the stay is lifted against Maxill Ohio and Maxill Realty. In other words, proceeding piecemeal would only unnecessarily multiply the proceedings and burden the parties and the Court. In contrast, staying these proceedings would allow the parties and the Court to avoid relitigating the same issues once the bankruptcy stay is lifted without prejudicing either Plaintiff or Defendants. Accordingly, Defendants respectfully request an order staying this proceeding with respect to Maxill Canada and Shaw during the automatic bankruptcy stay with respect to Maxill Ohio and Maxill Realty.

II. *Extension of Time to File Responsive Pleadings*

In the alternative, if the Court does not enter an order staying this proceeding with respect to Maxill Canada and Shaw, pursuant to Federal Rule of Civil Procedure 6(b) the Defendants respectfully request that the Court grant an extension of time for Maxill Canada and Shaw to answer or otherwise respond to Plaintiff's Complaint until January 15, 2026, or ten (10) days after the entry of an order resolving Defendants' Motion to Stay if such an order is entered on or

after January 15, 2026, and for Maxill Ohio and Maxill Realty until twenty one (21) days after the automatic bankruptcy stay is lifted.

After the Complaint was served, the Defendants diligently looked for local counsel in this matter and engaged the undersigned counsel on December 15, 2025. During that time, counsel for Defendants and Plaintiff were actively discussing extending the deadline for the Defendants to file responsive pleadings. As of December 11, Plaintiff's counsel had agreed not to oppose a motion for extension of time for Defendants to file responsive pleadings until January 2, 2026. *See* Exhibit A. Defendants' counsel responded on December 14 and 18 asking for an extension to January 15 to allow new counsel, who would be responsible for preparing responsive filings, to get up to speed on the case. Plaintiff's counsel responded on December 23 indicating that they oppose Defendants' Motion, including any extension of time to file responsive pleadings beyond January 2, 2026. Defendants respectfully request this extension to allow undersigned counsel time to familiarize themselves with this matter and prepare a responsive pleading over the upcoming holidays. This is Defendants' first request for an extension and it is sought in good faith and not for any dilatory reasons. For the foregoing reasons, Defendants respectfully requests that the Court grant Maxill Canada and Shaw an extension until January 15, 2026, or ten (10) days after the entry of an order resolving the Motion to Stay if such an order is entered on or after January 15, 2026, and Maxill Ohio and Maxill Realty an extension until twenty one (21) days after the automatic bankruptcy stay is lifted to answer or otherwise respond.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court enter an order: (i) staying this matter with respect to Defendant Maxill Canada and Defendant Shaw through the pendency of the Chapter 11 Bankruptcy filed by Maxill Ohio and Maxill Realty in the United

4908-0193-9588, v.2

States Bankruptcy Court for the Northern District of Ohio; and (ii) extending the deadline for the Defendants to file responsive pleadings until twenty-one (21) days after the stay is lifted. In the alternative, if the Court does not enter an order staying this matter with respect to Defendant Maxill Canada and Defendant Shaw, an order extending the time to file responsive pleadings for Maxill Canada and Shaw until January 15, 2026, or ten (10) days after the entry of an order on the Motion to Stay and for Maxill Ohio and Maxill Realty to twenty one (21) days after the automatic bankruptcy stay is lifted.

Dated December 23, 2025

Respectfully submitted by:

*/s/ Andrew Alexander*

Mark W. McDougall (#0080698)
mmcdougall@calfee.com
Andrew W. Alexander (#0091167)
aalexander@calfee.com
CALFEE HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
Telephone: (216) 622-8200
Facsimile: (216) 241-0816

*Attorneys for Defendants Maxill Inc., a Canadian Corporation, Maxill Inc., an Ohio corporation, and Maxill Realty, Inc., an Ohio corporation*

# CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 23rd day of December 2025.

    */s/ Andrew Alexander*
*One of the Attorneys for Defendants Maxill Inc., a Canadian Corporation, Maxill Inc., an Ohio corporation, and Maxill Realty, Inc., an Ohio corporation*

4908-0193-9588, v.2