UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LOOPS, L.L.C., a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MAXILL INC., a Canadian corporation; MAXILL, INC., an Ohio corporation; MAXILL REALTY, INC., an Ohio corporation; BADERCAP PTY LTD., an unknown business entity; and JOHN DENNIE SHAW, an individual,<br><br>Defendants. | CASE NO.: 4:25-cv-02346-BYP<br><br>JUDGE BENITA Y. PEARSON<br><br>**PLAINTIFF LOOPS, L.L.C.'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS OR EXTEND TIME TO FILE RESPONSIVE PLEADINGS** |

Plaintiff Loops, L.L.C. ("Loops") respectfully submits this Response in Opposition to the Motion to Stay Proceedings or Extend Time to File Responsive Pleadings (ECF No. 17, the "Motion") filed by Defendants Maxill, Inc., a Canadian corporation ("Maxill Canada"), Maxill Inc., an Ohio corporation ("Maxill Ohio"), Maxill Realty, Inc. ("Maxill Realty"), and John Dennie Shaw ("Shaw") (collectively, "Defendants").

I.  **INTRODUCTION**

Defendants ask the Court to halt this case against *non-debtor defendants*, Maxill Canada and Shaw, "through the pendency" of Maxill Ohio's and Maxill Realty's recently-initiated

1

bankruptcy proceedings. Alternatively, Maxill Canada and Shaw seek to further delay their obligations to respond to Loops's Complaint. Their Motion should be denied.[1]

The automatic stay imposed by 11 U.S.C. § 362 does not apply to Maxill Canada or Shaw, and Defendants' Motion concedes as much. Extending bankruptcy protection to non-debtors is *extraordinary relief* that requires a specific and demanding showing under Sixth Circuit law—a showing Defendants do not even try to make in their Motion. Instead, their request for a stay of some indefinite duration as to Maxill Canada and Shaw rests on generalized appeals to efficiency. Those appeals are insufficient to justify the extraordinary relief Defendants seek.

As to their alternative request for more time for Maxill Canada and Shaw to answer Loops's Complaint, Defendants have shown no good cause for any further extensions of time that were not already provided by Loops. Maxill Canada and Shaw have been litigating the exact same infringement claims against the same accused product based on the same asserted patents since at least July 2025 in the Southern District of California. Maxill Canada and Shaw asked for and were provided multiple extensions of time to respond to the operative pleading in that case by undersigned counsel. In return, they filed a substantive motion to dismiss supported by Shaw's sworn declaration that set forth facts regarding the location of witnesses, operations, corporate domicile, and alleged conduct which, taken together, indicated that Ohio was the appropriate forum for the dispute. Loops re-filed those claims in this action in this district to avoid further delays. Having chosen this forum, having been timely-served, and having been extended two extensions

---

[1] Loops does not oppose Defendants' request for the *debtor defendants*, Maxill Ohio and Maxill Realty, who are presently shielded from further litigating this action during the pendency of their automatic bankruptcy stays, to have 21 days from the date each stay is lifted to respond to Loops's Complaint.

to respond to this Complaint already, Defendants cannot support their request for further extensions.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUNDS

### A. The Southern District of California Action Between the Parties

On July 16, 2025, Loops filed an action in the United States District Court for the Southern District of California (the "California Action") asserting patent infringement claims against Maxill Canada and Shaw involving U.S. Patent Nos. 11,013,311 and 10,334,940 and the same accused "Supermaxx" toothbrush product at issue here. (*See* Request for Judicial Notice ("RJN"), Ex. A (S.D. Cal. Complaint).) Those claims alleged that Shaw personally directed and participated in the infringing conduct and that Maxill Canada and Shaw acted in concert. (*See* RJN, Ex. A at ¶1.)

In the California Action, Loops personally served Maxill Canada and Shaw on July 25 and 27, 2025, respectively. (*See* RJN, Ex. B at ¶2 (Proofs of Service of Maxill and Shaw).) Their responsive pleadings were therefore due on August 15 and 18, 2025. Rather than forcing an immediate response, Loops agreed to extend the deadline to October 1, 2025 to allow Maxill Canada and Shaw time to locate and retain local California counsel. (*See* RJN, Ex. C at ¶3 (Joint Motion and Stipulation to Extend Time for Maxill Canada and Shaw to Respond to Complaint).)

On October 1, Maxill Canada and Shaw appeared through counsel and filed a motion to dismiss, transfer, or stay ("CA Motion"), supported by a sworn declaration from Shaw. (*See* RJN, Ex. D at ¶4 (Maxill Canada and Shaw's Notice of Motion, Memorandum of Points and Authorities, and Declarations of Shaw and counsel).) In the CA Motion, including Shaw's declaration, Maxill Canada and Shaw argued that the case was improperly venued in California and set forth facts regarding the location of witnesses, operations, corporate domicile, and alleged conduct which,

3

taken together, indicated that Ohio was the appropriate forum for this dispute. (*See* RJN, Ex. D.) Based on these sworn representations, Loops dismissed the California Action without prejudice (See RJN, Ex. E at ¶5 (Notice of Voluntary Dismissal)), and promptly initiated this action in the Northern District of Ohio asserting the same patent infringement claims, adding Maxill Ohio, Maxill Realty, and BaderCap Pty Ltd. ("BaderCap") as additional defendants, and asserting an additional claim for fraudulent transfer against Maxill Realty, BaderCap, and Shaw, only.

B.     **The Northern District of Ohio Action Between the Parties**

Loops personally served the Complaint and summonses in this action on all Defendants at various times throughout November 2025. (*See* ECF Nos. 9, 10, 12-14.) By November 24, 2025, all Defendants had been served. (*See id.*)

On December 3, counsel for Maxill Ohio, Maxill Realty, Maxill Canada, and Shaw contacted Loops's counsel requesting an extension of the deadline for those Defendants to respond to the Complaint. (*See* Declaration of Michael T. Lane ("Lane Decl.") ¶¶2-3). Loops agreed to a consolidated extension to permit Defendants to respond to the Complaint by or before December 15, 2025. (*See id.*). On December 11, having learned of the automatic stay in place as to Maxill Ohio and Maxill Realty because of their recent bankruptcy filings, Loops granted a further extension for Maxill Canada and Shaw to respond to the Complaint until January 2, 2026. (*See* Lane Decl. ¶4, Ex. A (Emails between Loops's counsel and Defendants' counsel, August – December 2025).) In its December 11 correspondence, Loops's counsel explained that no extensions beyond January 2 would be agreeable because of, *inter alia,* the previous extensions provided to Maxill Canada and Shaw in this action and the six months of litigation the parties had

4

just completed in the California Action which involved the same parties, the same claims, the same patents, and the same accused product. (*See id.*)

Notwithstanding Loops's counsel's December 11 correspondence refusing to grant Maxill Canada and Shaw a third extension beyond January 2 to respond to the Complaint, Defendants' counsel wrote to Loops's counsel *three more times* on December 14, 18, and 22 asking for their agreement to stay this action against Maxill Canada and Shaw and/or to give them another extension until January 15, 2026 to respond to the Complaint. On December 23, 2025, Loops reiterated its refusal and indicated its intention to oppose Defendants' requests.

### III. RELEVANT LEGAL STANDARDS

The Sixth Circuit has squarely held that the automatic stay imposed by 11 U.S.C. § 362 applies only to the debtor and may not be invoked by non-debtor co-defendants. As the Sixth Circuit explained in *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196 (6th Cir. 1983), Section 362 "facially stays proceedings 'against the debtor' and fails to intimate, even tangentially, that the stay could be interpreted as including any defendant other than the debtor." The Sixth Circuit emphasized that "[i]t is universally acknowledged that an automatic stay of proceeding accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor" including "joint tortfeasors." *Id.*

The court further explained that the purpose of the automatic stay is limited and specific as it is intended "to preserve the status quo of the estate in an effort to ultimately effect and implement, to the extent possible, a successful and equitable reorganization or liquidation." *Id.* at 1197. Nothing in the statute or its legislative history supports extending the stay to advance the interests

of non-debtors. To the contrary, the Sixth Circuit warned that "it would distort congressional purpose to hold that a third party solvent co-defendant should be shielded against his creditors by a device intended for the protection of the insolvent debtor." *Id.*

Any duplication or piecemeal litigation resulting from bankruptcy proceedings is "a direct by-product of bankruptcy law" and therefore "congressionally created and sanctioned," and such considerations do not justify extending the automatic stay to solvent parties not protected by the Bankruptcy Code. *Id.* at 1099.

"In the absence of unusual circumstances, the automatic stay does not halt proceedings against solvent codefendants." *In re Delta Air Lines*, 310 F.3d 953, 956 (6th Cir. 2002). Critically, allegations of agency, alter-ego, common control, or contractual affiliation, even if assumed to be true, do not constitute "unusual circumstances." In *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299 (6th Cir. 2000), the Sixth Circuit rejected an effort to extend the automatic stay based on an alleged agency relationship between debtor and non-debtor defendants explaining that there is "no authority for the proposition that an agency relationship warrants the extension of an automatic stay." *Id.* at 315.

Additionally, "according to the Sixth Circuit, the presence of unusual circumstances allows an extension of the stay [to non-debtors] only through an injunction issued under § 105(a) [of the Bankruptcy Code]." *In re Johnson*, 548 B.R. 770, 788 (Bankr. S.D. Ohio 2016) (relying on *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993)).

Although a district court's decision to stay proceedings before it pursuant to its inherent docket-management authority remains discretionary, it does require a case-specific assessment of judicial economy, prejudice, and fairness. *See Horizon Glob. Ams., Inc. v. N. Stamping, Inc.*, No.

1:20-CV-00310-PAB, 2025 U.S. Dist. LEXIS 202999, at *5-6 (N.D. Ohio Oct. 15, 2025). A discretionary stay is appropriate only where proceeding against non-debtors would result in duplicative adjudication, inefficiency, or unfair prejudice that outweighs the plaintiff's interest in moving forward. *Id.* Absent such circumstances, claims against non-debtors may proceed notwithstanding related bankruptcy proceedings. *Id.*

IV.     **ARGUMENT**

    A.     **Defendants' Stay Request Fails as a Matter of Law Because the Automatic Stay Does Not Apply to Maxill Canada or Shaw, and Defendants Do Not Show Any "Unusual Circumstances" Warranting Extending the Stay to Non-Debtors.**

Defendants' request to stay this action as to Maxill Canada and Shaw fails at the threshold because it ignores settled Sixth Circuit law governing the scope of the automatic stay. The automatic stay imposed by Section 362 applies only to actions against the debtor. It does not extend to non-debtor defendants absent "unusual circumstances," and such circumstances are rare. Defendants concede that Maxill Canada and Shaw are not debtors and that the automatic stay does not apply to them. Having made that concession, Defendants bear the burden of showing that this case presents the type of unusual circumstances that would justify extending stay-like protection to non-debtors.

Defendants fail to make this showing. They argue that a stay is warranted because the Complaint alleges that "Defendants are alter egos and/or agents of each other, such that the acts and/or knowledge of one are imputed to the other." But allegations of alter-ego or agency relationships do not constitute the type of "unusual circumstances" required to extend stay protection to non-debtors. *See Parry,* 236 F.3d at 315.

The indeterminate stay requested by Defendants would permit Shaw, the puppet master of the Maxill entities, and Maxill Canada, the manufacturer of the accused "Supermaxx" toothbrush, to continue *unchecked* making, exporting, importing, offering to sell, and selling infringing products into United States streams of commerce, including those in this district, which will substantially and irreparably harm Loops. *See* ECF No. 1, ¶¶3-4, 7, 12, 14, 39-41, and 49-51. Justice delayed is justice denied, and Defendants are asking this Court for an indefinite delay (and, so too, an indefinite denial) of justice that Loops has already been working towards for six months.

Nothing in Defendants' Motion explains how adjudicating Loops's claims against Maxill Canada and Shaw would interfere with Maxill Ohio and Maxill Realty's reorganizations under Chapter 11. Instead, Defendants rely on generalized assertions of factual overlap, common control, and efficiency: considerations the Sixth Circuit has expressly held are insufficient to justify extending the automatic stay to solvent non-debtors. *See Lynch*, 710 F.2d at 1099.

Because Defendants fail to make the threshold showing required to extend stay protection beyond Maxill Ohio and Maxill Realty, their request to stay this case as to Maxill Canada and Shaw should be denied on that basis alone.

### B. Even If the Court Were to Consider a Discretionary Stay, the Relevant Factors Weigh Decisively Against One Here.

This Court's discretion to stay this proceeding is to be exercised sparingly and only after a case-specific assessment of judicial economy, prejudice, and fairness. Defendants fail to make the showing required by the *Horizon* framework they themselves cite as necessary for supporting a discretionary stay.

### 1. Judicial Economy Does Not Favor a Stay.

The bankruptcy proceedings involving Maxill Ohio and Maxill Realty will not adjudicate liability as to Maxill Canada or Shaw for Loops's claims. Defendants implicitly acknowledge this by seeking a discretionary stay rather than relying on Section 362. Because those bankruptcy cases will not resolve Loops's claims against Maxill Canada and Shaw, staying those claims does not conserve judicial resources, it merely delays their deployment to Loops's detriment and Maxill Canada and Shaw's benefit. Further, any resulting piecemeal litigation is a congressionally sanctioned consequence of the Bankruptcy Code rather than a basis for extending stay protection to non-debtors.

This case, therefore, does not present the circumstances in which courts have stayed claims against non-debtors to avoid duplicative adjudication or inconsistent rulings. Proceeding against Maxill Canada and Shaw will not require the Court to decide issues that must later be re-litigated once the bankruptcy stay is lifted. The accused product at issue will not change. The claims in Loops's patents will not change. Any claim construction contentions or orders will not change. Defendants make no showing to the contrary, and their merely conclusory statements otherwise are of no moment. To the contrary, allowing the case to move forward as to the non-debtors will advance the litigation, preserve evidence, and narrow the issues for eventual resolution of the stayed claims against Maxill Ohio and Maxill Realty.

### 2. A Stay Would Substantially Prejudice Loops.

The prejudice to Loops from an open-ended stay is concrete. Loops alleges ongoing infringement and continued distribution of the accused product, as well as a risk of further asset

dissipation in light of its fraudulent transfer allegations. Delay will exacerbate those harms, complicate damages proof, and increase the risk that evidence will be lost.

Defendants identify no countervailing prejudice that would result from allowing this case to proceed against Maxill Canada and Shaw. They do not contend that discovery or adjudication of these claims would impair the bankruptcy estates, require control over estate property, or force the debtors to litigate in violation of the automatic stay. Absent such a showing, there is no equitable basis for a discretionary stay.

### 3. Defendants Have Not Shown They Will Be Prejudiced if the Stay Is Not Granted, and Any Cognizable Burden Would Be the Result of Self-Inflicted Wounds.

Defendants do not even attempt to show that they, as the moving parties, will suffer any prejudice if the stay is not extended to Maxill Canada and Shaw. At most, Defendants, in conclusory fashion, assert that the claims against the various Defendants are "intertwined" and that proceeding against the non-debtors would result in duplicative discovery and litigation. (*See* Motion at 5.) That assertion does not establish prejudice; it merely describes the ordinary burdens of litigation, which courts have repeatedly held insufficient to justify a stay.

Nor do Defendants identify any concrete hardship unique to Maxill Canada or Shaw that would result from allowing this case to proceed. They do not contend that discovery would be unduly burdensome, that participating in motion practice would cause them to incur costs beyond those inherent in ordinary litigation, or that or that adjudication of the claims against them would place them at any legal disadvantage.

In any event, any cognizable burden on Maxill Canada and Shaw—none of which has been shown or exists—would be self-inflicted. Maxill Canada and Shaw have been litigating these same

10

patent infringement claims since July 2025, have sought extensions, filed a motion to dismiss in the California Action, and advanced factual arguments that led Loops to refile in this District. Having chosen that course, Defendants cannot now claim prejudice from being required to continue litigating the claims they have long been aware of and defending in the forum they chose.

### C. Defendants Have Not Shown Good Cause for Any Extension of Time to File a Responsive Pleading.

Defendants' alternative request for additional time to respond to the Complaint should also be denied. Defendants concede that Loops agreed not to oppose an extension through January 2, 2026, and that Loops expressly declined to agree to any extension beyond that date. The record reflects that Loops already provided multiple, lengthy extensions since the inception of this litigation in California in July 2025.

Defendants' assertion that newly retained counsel requires additional time does not constitute good cause under Rule 6(b), particularly where Maxill Canada and Shaw have been defending the same patent infringement claims against the same products for months. They cannot plausibly contend that they are only now becoming familiar with the allegations when they previously moved to dismiss those same claims in the California Action. The timing of the request, coupled with the attempt to leverage related bankruptcy filings to delay the only claims not stayed by statute, underscores that the request is dilatory rather than necessary.

Accordingly, the Court should deny any further extension and require Maxill Canada and Shaw to respond to the Complaint without further delay.

### V. CONCLUSION

For the reasons above, except as otherwise agreed, Defendants' Motion should be denied.

Dated: January 6, 2026

Respectfully submitted,

*s/      Zachary S. Tedford*
David M. Kohn (*pro hac vice*)
Michael T. Lane (*pro hac vice*)
John M. Houkom (*pro hac vice*)
Zachary S. Tedford (*pro hac vice*)
LEWIS KOHN & WALKER, LLP
17085 Via Del Campo
San Diego, CA 92127
Telephone: (858) 436-1332
dkohn@lewiskohn.com
mlane@lewiskohn.com
jhoukom@lewiskohn.com
ztedford@lewiskohn.com

- *and* -

David B. Cupar (0071622)
Benjamin Foote-Huth (0104192)
McDONALD HOPKINS
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
dcupar@mcdonaldhopkins.com
bfootehuth@mcdonaldhopkins.com

*Attorneys for Plaintiff Loops L.L.C.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 6, 2026, I filed the foregoing document electronically via the Court's CM/ECF system. Notice of this filing will be sent by operation of the Court's CM/ECF system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system.


Dated: January 6, 2026          *s/  Zachary S. Tedford*
                  Zachary S. Tedford