**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| LOOPS, L.L.C., a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MAXILL INC., a Canadian corporation; MAXILL, INC., an Ohio corporation; MAXILL REALTY, INC., an Ohio corporation; BADERCAP PTY LTD., an unknown business entity; and JOHN DENNIE SHAW, an individual,<br><br>Defendants. | CASE NO.: 4:25-cv-02346-BYP<br><br>JUDGE BENITA Y. PEARSON<br><br>**DECLARATION OF MICHAEL T. LANE IN SUPPORT OF PLAINTIFF LOOPS, L.L.C.'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS OR EXTEND TIME TO FILE RESPONSIVE PLEADINGS** |

I, Michael T. Lane, declare as follows:

1. I am one of the attorneys representing Plaintiff Loops, L.L.C.("Loops") in this matter. I am over the age of twenty-one and competent to make this Declaration based on my personal knowledge. I could and would testify competently regarding the facts in this Declaration if called upon to do so.

2. Defendants Maxill Ohio, Maxill Realty, Maxill Canada, and Shaw were served with the Complaint in this action on various dates between mid-to-late November 2025.

3. On December 3, 2025, my firm was contacted via email by counsel for those Defendants -- the same counsel who represented Maxill Canada and Shaw in the Southern District of California patent litigation pending between Loops and those parties from July-October 2025

that dealt with the same patents, the same patent claims, and the same accused products. In that December 3 email, Defendants' counsel requested an extension of the deadline for those Defendants to respond to Loops's Complaint in this action. On behalf of Loops, I granted a consolidated extension to these Defendants to respond to Loops's Complaint by or before December 15, 2025.

4. On December 11, 2025, having learned of the automatic stay in place as to Maxill Ohio and Maxill Realty because of their recent bankruptcy filings, I granted a further extension for Maxill Canada and Shaw to respond to the Complaint until January 2, 2026. In this email, I explained that no extensions beyond January 2 would be appropriate because, among other reasons, the same parties had been litigating mostly identical claims, on the same patents, against the same accused products for six months in the Southern District of California before that action was dismissed without prejudice, and refiled in this district. True and correct copies of my firm's emails with Defendants counsel documenting the extensions we provided in this action, and the action previously pending in California, are collectively attached hereto as Exhibit A.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 6th day of January 2026, in San Diego, California.

*s/ Michael T. Lane*
Michael T. Lane

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2026, I filed the foregoing document electronically via the Court's CM/ECF system. Notice of this filing will be sent by operation of the Court's CM/ECF system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system.

Dated: January 6, 2026

*s/ Zachary S. Tedford*
Zachary S. Tedford