# EXHIBIT D

Boyoon Choi (Washington State Bar No. 44939 – *pro hac vice application pending*)
Choi Capital Law, PLLC
1420 5th Ave., Suite 2246
Seattle, WA 98101
Phone: (206) 588-0463
E-mail: b.choi@ccl.law

Lisa M. Griffith (California State Bar No. 216640)
The Griffith Law Firm, A P.C.
PO Box 2051
435 B Parkway
West Yellowstone, MT 59758
Phone: (858) 756-6935
E-mail: Lgriffith@griffithpc.com; l.griffith@ccl.law

*Attorneys for Defendants*,
Maxill Inc. and John Dennie Shaw

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOOPS, L.L.C., a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MAXILL INC., a Canadian corporation; and JOHN DENNIE SHAW, an individual,<br><br>Defendants. | Case No.: 3:25-cv-01814-JLS-DDL<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS, TRANSFER, OR STAY** |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants Maxill Inc. and John Dennie Shaw bring this Motion to dismiss, transfer, or stay the above-captioned action brought by Loops, L.L.C. In the Motion, Defendants primarily request that this Court dismiss the action under the doctrine of *forum non conveniens*. If the Court is not inclined to dismiss the action outright, Defendants request that this Court use its authority under 28 U.S.C. § 1404(a) to transfer the action to the Western District of Washington. Alternatively, Defendants request that this Court dismiss the action under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Finally, if not otherwise dismissed or transferred, Defendants request that this Court stay the action in the interest of judicial economy.

This Motion is made based upon this Notice of Motion and Motion To Dismiss, Transfer, or Stay; Memorandum of Points and Authorities in Support of Motion to Dismiss, Transfer, or Stay; Declaration of Lisa M. Griffith, Esq. and Exhibits thereto; Declaration of John Dennie Shaw; Notice of Lodgment of Authorities; and any argument or additional evidence permitted by the Court.

Prior to filing this Motion, the undersigned attorney met and conferred with Loops' counsel in person and telephonically to discuss the issues set forth in this Motion and as well as the potential for resolving all outstanding disputes between the Defendants and related parties globally. (Griffith Decl., ¶¶5 and 9.)

//

Dated: October 1, 2025

Respectfully submitted,

By: s/ Lisa M. Griffith

LISA M. GRIFFITH

*Attorney for Defendants*,
Maxill Inc. and John Dennie Shaw
E-mail: Lgriffith@griffithpc.com; l.griffith@ccl.law

Boyoon Choi (Washington State Bar No. 44939 – *pro hac vice application pending*)
Choi Capital Law, PLLC
1420 5th Ave., Suite 2246
Seattle, WA 98101
Phone: (206) 588-0463
Email: b.choi@ccl.law

Lisa M. Griffith (California State Bar No. 216640)
The Griffith Law Firm, A P.C.
PO Box 2051
435 B Parkway
West Yellowstone, MT 59758
Phone: (858) 756-6935
E-mail: Lgriffith@griffithpc.com; l.griffith@ccl.law

*Attorneys for Defendants*,
Maxill Inc. and John Dennie Shaw

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOOPS, L.L.C., a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MAXILL INC., a Canadian corporation; and JOHN DENNIE SHAW, an individual,<br><br>Defendants. | Case No.: 3:25-cv-01814-JLS-DDL<br><br>**DECLARATION OF JOHN DENNIE SHAW** |

I, John Dennie Shaw, hereby declare as follows:

1. I make this Declaration based upon my own personal knowledge or on information and belief where so stated. If called as a witness, I could and would competently testify to the truth of the matters asserted herein.

2. I am a citizen of Canada and have never resided in the United States of America or the State of California.

3. My principal place of residence is St Thomas, Ontario, Canada.

4. I do not own any real property or other assets in the State of California.

5. I do not owe or pay any personal income taxes to the State of California.

6. I do not maintain any bank accounts in the State of California.

7. I have never visited or traveled to the State of California.

8. At no time have I conducted any personal activities or business activities specifically directed toward the State of California.

9. I am the President of Maxill Inc., a Canadian corporation, ("Maxill Canada"), which I founded in 1987 for selling, marketing and shipping infection control and oral healthcare products primarily to dental professionals. Maxill Canada's oral healthcare products include its SUPERMAXX institutional line of toothbrushes.

10. In my position at Maxill Canada, I am familiar with its general and day-to-day business operations, including, without limitation, its principal place of business, places in which it sells its products and otherwise conducts business, and the manner in which it carries out its business.

11. Maxill Canada has its principal place of business in Ontario, Canada.

12. Maxill Canada does not have any physical operations, facilities, or personnel located anywhere in the State of California.

13. None of Maxill Canada's officers or employees are domiciled in the State of California, nor are any of them a citizen of the United States of America or resident of the State of California.

14. Maxill Canada is not licensed to conduct business in the State of California.

15. Maxill Canada does not owe or pay income taxes to the State of California.

16. Maxill Canada does not maintain a registered agent for the purpose of accepting service of legal process in the State of California.

17. Maxill Canada does not maintain any bank accounts in the State of California.

18. Maxill Canada does not own any real property or other assets in the State of California.

19. None of Maxill Canada's officers, employees, or agents have ever attended or presented at any trade show, conference, meeting, or similar event in the State of California and relating to Maxill Canada's business.

20. Maxill Canada does not ship any products to the State of California.

21. Maxill Canada's primary market is within Canada, and it conducts all of its business activities from within Canada, including its exportation of products

to other countries.

22. At no time has Maxill Canada specifically directed its sales activities or other business activities to State of California residents or taken any action to purposefully avail itself of the privilege of conducting business in the State of California.

23. The only business that Maxill Canada conducts with residents of the United States of America is through its exportation of products to the U.S. corporation, Maxill Inc., organized and existing under the laws of the State of Ohio and having its principal place of business at 181 North Mecca St. Cortland, Ohio 44410 ("Maxill Ohio").

24. Since 2014, Maxill Canada has only exported products to Maxill Ohio.

25. Similar to my roles at Maxill Canada, I am Founder and President at Maxill Ohio.

26. In my capacity at Maxill Canada, I have at all relevant times observed all necessary corporate formalities, including maintenance of proper corporate records, holding of regular meetings of directors and shareholders, and accurate separation of personal and corporate assets and accounts.

27. Maxill Canada has been adequately capitalized for its business purposes and liabilities at all relevant times.

28. Maxill Canada maintains its own bank accounts, finances, and

records, separate and apart from those of any shareholder, officer, or director, including myself.

29. Corporate and personal funds have not been commingled, and at no time have personal funds been used to pay corporate debts of Maxill Canada, nor have corporate funds been diverted for personal use.

30. All transactions between me and Maxill Canada, if any, have been conducted at arm's length.

31. On behalf of myself as an individual and Maxill Canada, as its President, I hereby consent to personal jurisdiction and venue in the United States District Court for the Western District of Washington for all matters relating to this action. I am amenable to, and hereby waive, service of process for that purpose.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on October 1, 2025: John Shaw
John Shaw (Oct 1, 2025 16:51:33 EDT)

JOHN DENNIE SHAW, Individually and as President on behalf of Maxill Canada

Boyoon Choi (Washington State Bar No. 44939 – *pro hac vice application pending*)
Choi Capital Law, PLLC
1420 5th Ave., Suite 2246
Seattle, WA 98101
Phone: (206) 588-0463
Email: b.choi@ccl.law

Lisa M. Griffith (California State Bar No. 216640)
The Griffith Law Firm, A P.C.
PO Box 2051
435 B Parkway
West Yellowstone, MT 59758
Phone: (858) 756-6935
E-mail: Lgriffith@griffithpc.com; l.griffith@ccl.law

*Attorneys for Defendants*,
Maxill Inc. and John Dennie Shaw

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOOPS, L.L.C., a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MAXILL INC., a Canadian corporation; and JOHN DENNIE SHAW, an individual,<br><br>Defendants. | Case No.: 3:25-cv-01814-JLS-DDL<br><br>**DECLARATION OF LISA M. GRIFFITH, ESQ.** |

I, Lisa M. Griffith, Esq., hereby declare as follows:

1. I make this Declaration based upon my own personal knowledge or on information and belief where so stated. If called as a witness, I could and would competently testify to the truth of the matters asserted herein.

2. I am an attorney admitted to practice law in the State of California and registered to practice before the U.S. Patent & Trademark Office (USPTO) – *i.e.*, USPTO Reg. No. 41,185. I am also admitted to practice before several U.S. District Courts, including the U.S. District Court, Southern District of California.

3. In 1997, I was first admitted to practice law in the State of Minnesota and have been practicing law since, being admitted to practice law in the State of California since 2001.

4. In September 2025, I was engaged as local counsel to assist Choi Capital Law, PLLC in the representation of Maxill Inc., which I understand to be a Canadian corporation, and John Dennie Shaw, whom I understand to be a Canadian citizen, in the above-captioned action.

5. On September 24, 2025, I met and conferred with David Kohn, Plaintiff's counsel, in person at the offices of Lewis Kohn & Walker, LLP. During our meet and confer, issues and facts presented in Defendants' motion to dismiss, transfer, or stay the subject action were discussed, as well as the potential for resolving all outstanding disputes between the Defendants and related parties globally.

6. Consistent with their inter-relatedness, upon review of the prosecution history of U.S. Patent No. 10,334,940 ("the '940 Patent"), I note that a terminal disclaimer attached hereto as **Exhibit A** was filed during prosecution of the '940 Patent in order to obviate a double patenting rejection over U.S. Patent

No. 8,448,285 ("the '285 Patent.") (Exh. A.)

7. As reflected in the Docket History printed from the USPTO website on September 30, 2025, and attached hereto as **Exhibit B**, the '940 Patent is also the subject of an extensive ex parte reexamination before the USPTO, which was requested on March 10, 2023. (Exh. B.) The Examiner's rejection of certain claims asserted against Defendants in the subject action is currently on appeal to the USPTO's Patent Trial and Appeal Board, fully briefed with a request for oral hearing having been filed on May 6, 2025. (*Id.*)

8. Upon review of the prosecution history of the '285 Patent, I note that the '285 Patent was also the subject of an ex parte reexamination. An Ex Parte Reexamination Certificate (12373rd) issued August 23, 2023, and is attached hereto as **Exhibit C**, based on an ex parte reexamination request filed on February 2, 2023. (Exh. C.) During reexamination of the '285 Patent, one of the asserted independent claims was amended as reflected therein. (*Id.*)

9. After conferring with my co-counsel, I again met and conferred with Mr. Kohn, this time by telephone on September 26, 2025. We were unable to reach an agreement on any issues that are the subject of the accompanying motion being filed on October 1, 2025, including stay of the subject action at least based on the pending reexamination of Plaintiff's U.S. Patent No. 10,334,940 asserted in the subject action.

10. Attached hereto as **Exhibit D** and **Exhibit E** are copies of the

operative complaints in the Consolidated Washington Litigation – *i.e.*, *Maxill Inc. et al v. Loops, LLC et al*, Case No. 2:2017cv01825, D. Wash., W.D. (hereinafter "*Maxill*"). **Exhibit D** is a true and correct copy of Maxill Ohio's Complaint for Declaratory Judgment filed as Dkt. No. 1 in *Maxill*. **Exhibit E** is a true and correct copy of Loops, L.L.C. and Loops Flexbrush, L.L.C.'s Amended Complaint for Patent Infringement and Demand for Jury Trial filed as Dkt. No. 7 in the Utah Litigation before consolidation – *i.e.*, *Loops, LLC et al v. Bob Barker Co. et al*, Case No. 2:2018cv01026, D. Utah (hereinafter "*Loops*").

11. Attached hereto as **Exhibit F** is a true and correct copy of the Stipulated Motion to Transfer filed as Dkt. No. 71 in *Loops*.

12. Attached hereto as **Exhibit G** is a true and correct copy of the Minute Order Granting Stipulated Motion to Consolidate – Dkt. No. 17 in *Maxill*.

13. Attached hereto as **Exhibit H** is a true and correct copy of the Loops Defendants' Answer and Counterclaim filed as Dkt. No. 10 in *Maxill*.

14. Attached hereto as **Exhibit I** is a true and correct copy of Loops' Motion for Leave to File First Amended Complaint (Counterclaim) filed as Dkt. No. 72 in *Maxill*.

15. Attached hereto as **Exhibit J** is a true and correct copy of Loops' Proposed First Amended Complaint (Counterclaim), including Exhibits A to D thereto filed as Dkt. No. 72-2 in *Maxill*.

16. Attached hereto as **Exhibit K** is a true and correct copy of the Minute

Order Denying Motion to Amend – Dkt. No. 80 in *Maxill*.

17. Attached hereto as **Exhibit L** is a true and correct copy of the Order on Claim Construction – Dkt. No. 71 in *Maxill*.

18. Attached hereto as **Exhibit M** is a true and correct copy of the Order on Motions for Summary Judgment et al. – Dkt. No. 123 in *Maxill*.

19. Attached hereto as **Exhibit N** is a true and correct copy of the Federal Circuit Decision – Dkt. No. 157 in *Maxill*.

20. Attached hereto as **Exhibit O** is a true and correct copy of the Federal Circuit Judgment – Dkt. No. 158 in *Maxill*.

21. Attached hereto as **Exhibit P** is a true and correct copy of the Joint Status Report filed as Dkt. No. 178 in *Maxill*.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: October 1, 2025

s/ Lisa M. Griffith
LISA M. GRIFFITH, ESQ.

Boyoon Choi (Washington State Bar No. 44939 – *pro hac vice application pending*)
Choi Capital Law, PLLC
1420 5th Ave., Suite 2246
Seattle, WA 98101
Phone: (206) 588-0463
E-mail: b.choi@ccl.law

Lisa M. Griffith (California State Bar No. 216640)
The Griffith Law Firm, A P.C.
PO Box 2051
435 B Parkway
West Yellowstone, MT 59758
Phone: (858) 756-6935
E-mail: Lgriffith@griffithpc.com; l.griffith@ccl.law

*Attorneys for Defendants*,
Maxill Inc. and John Dennie Shaw

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOOPS, L.L.C., a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MAXILL INC., a Canadian corporation and JOHN DENNIE SHAW, an individual,<br><br>Defendants. | Case No.: 3:25-cv-01814-JLS-DDL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, TRANSFER, OR STAY** |

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .......... ii

Alphabetical Listing of Cases .......... ii

Federal Statutes .......... iv

California Statutes .......... iv

Federal Rules .......... iv

**INTRODUCTION** .......... 1

**FACTS RELEVANT TO ISSUES TO BE DECIDED** .......... 1

**ARGUMENT** .......... 7

Dismissal Under the Doctrine of *Forum Non Conveniens* or, Alternatively, Transfer to the Western District of Washington is in the Interest of Justice .......... 8

This Court Lacks Personal Jurisdiction Over Defendants .......... 11

At a Minimum, Stay of Litigation is Warranted for Judicial Economy .......... 17

**CONCLUSION** .......... 21

# TABLE OF AUTHORITIES

Alphabetical Listing of Cases

*American Dredging Co. v. Miller*, 510 U.S. 443 (1994) ................................8

*Aten Int'l Co., Ltd. v. Emine Tech. Co., Ltd.*, No. SACV 09-0843 AG (MLGx), 2010 WL 1462110 (C.D. Cal. Apr. 12, 2010).........................................20

*Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324 (Fed. Cir. 2008) ....................................................................................................17

*Bancroft & Masters, Inc. v. August Nat'l Inc.*, 223 F.3d 1082 (9th Cir. 2000) ....................................................................................................13, 14

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ................................12

*Chan v. Society Expeditions, Inc.*, 39 F.3d 1398 (9th Cir. 1994)..................12

*Cooper v. Tokyo Elec. Power Co.*, CASE NO. 12-CV-3032 JLS (WMC), ECF Nos. 55 & 65 (S.D. Cal. Oct 28, 2014) .............................................................8

*Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280 (9th Cir. 1977) ....................................................................................................12, 13

*Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988)................................19

*Gould v. Control Laser Corp.,* 705 F.2d 1340 (Fed.Cir.1983) .....................20

*Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392 (9th Cir. 1988)...................................................................................14

*Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408 (1984) ....................................................................................................13, 14

Case 8:25-cv-01812-SSS-DTB Document 9-1 Filed 11/06/25 Page 4 of 28 Page ID #: 205

*In re Cygnus Telecomm. Tech., LLC, Patent Litig.,* 385 F. Supp. 2d 1022 (N.D. Cal. 2005)....................................................................................19

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945).....................................13

*Kyocera Int'l, Inc. v. Semcon IP, Inc.*, Case No.: 3:18-CV-1575-CAB-MDD, Doc Nos. 12, 15 (S.D. Cal. Oct 19, 2018) ..........................................................17

*Landis v. N. Am. Co*., 299 U.S. 248 (1936) .................................................18

*Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764 (9th Cir. 1991) ..........................................................................................................9

*Lueck v. Sundstrand Corp*., 236 F.3d 1137 (9th Cir. 2001) .......................8, 9

*Masimo Corp. v. Wireless*, No. 19-CV-01100-BAS-NLS, 2021 WL321481 (S.D. Cal. Feb. 1, 2021) ........................................................................20

*Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218 (9th Cir. 2011) ...12

*Oakley, Inc. v. Seaver Co.*, Case No. 11cv2079 DMS (BLM) (S.D. Cal. Feb 22, 2012) ..............................................................................................19

*Omnitracs, LLC v. Platform Science, Inc.*, Case No.: 20-cv-0958-JLS-MDD, ECF Nos. 20, 22, 39, 50, 53, 57, 59 (S.D. Cal. Mar 08, 2021) ......................17, 20

*Perkins v. Bengeut Consol. Mining Co.*, 342 U.S. 437 (1952) .....................13

*Protectconnect, Inc. v. Leviton Mfg. Co.*, Case No.: 10cv758 AJB (BGS), Doc. Nos. 121 and 130 (S.D. Cal. Apr 22, 2011) ..................................................20

*Rano v. Sipa Press, Inc.*, 987 F.2d 580 (9th Cir. 1993)...............................14

*Rohan ex rel. Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003) ........... 17-18

*Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584 (1999) ......................10

*Ryan v. Gonzales*, 568 U.S. 57 (2013) ......................................................18

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) ........................................................................................................13, 14

*Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990) ..........................................13

*Sinatra v. Nat'l Enquirer*, 854 F.2d 1191 (9th Cir. 1988)............................12

*Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007) ........................................................................................................8, 10

*Star & Crescent Boat Co. v. Sunsplash Marina LLC*, 549 F.Supp.3d 1145 (S.D. Cal. 2021) ...................................................................................12

*Viskase Corp. v. Am. Nat'l Can Co.,* 261 F.3d 1316 (Fed. Cir. 2001)..........19

*Wash. Shoe Co. v. A-Z Sporting Goods, Inc*, 704 F.3d 668 (9th Cir. 2012) ........................................................................................................12

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ..............13

*Ziegler v. Indian River Courts*, 64 F.3d 470 (9th Cir. 1995)........................12

Federal Statutes

28 U.S.C. § 1404(a) ..........................................................1, 10, 11, 21

California Statutes

Cal. Code Civ. P. 410.10 .........................................................................12

Federal Rules

Fed. R. Civ. P. 4(k)(2) ..............................................................................16

Fed. R. Civ. P. 12(b)(2) ....................................................................2, 11

# INTRODUCTION

Amidst ongoing litigation between the parties spanning decades, Plaintiff Loops, L.L.C., a Delaware corporation with a principal place of business in the State of Washington ("Loops") improperly chose to forum shop in bringing the subject action in the Southern District of California. (Compl., ¶5.) This latest protraction of the litigation should be brought in the proper forum, including all parties necessary to achieve consistent, fair, and efficient adjudication of the parties' rights while minimizing burden on court resources. Other related entities not included as parties in Plaintiff's Complaint, but which are currently parties to pending litigation outside this judicial district, include Maxill Inc., an Ohio corporation with a principal place of business in the State of Ohio ("Maxill Ohio"), and Loops Flexbrush, L.L.C., a Delaware corporation with a principal place of business in the State of Washington ("Loops Flexbrush").

This Court has discretion to dismiss the action outright under the doctrine of *forum non conveniens* or transfer it to a more convenient forum in which justice can be better served. Defendants respectfully request that this Court invoke that doctrine. A more convenient forum, in which litigation including all necessary parties and involving the same accused product and related U.S. patent to those of the subject action is already pending, exists in this case. If not inclined to dismiss this action outright, Defendants respectfully requests that this Court transfer the subject action under 28 U.S.C. § 1404(a) in the interest of justice and for the

convenience of the parties and witnesses to the Western District of Washington, where consolidated litigation between each of Maxill Ohio, Maxill Canada, Loops, and Loops Flexbrush is pending and under an order of stay pending ongoing litigation in Canada.

Alternatively, if not otherwise dismissed or transferred, Defendants request that this Court dismiss the subject action under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

Finally, if not dismissed or transferred, Defendants respectfully request this Court stay the subject action consistent with status of the consolidated litigation in the State of Washington and for the additional reason that one of the two patents asserted in the subject action is currently undergoing extensive ex parte reexamination with the U.S. Patent & Trademark Office.

**FACTS RELEVANT TO ISSUES TO BE DECIDED**

Defendant Maxill Canada has been in the business of selling, marketing and shipping infection control and oral healthcare products primarily to dental professionals since 1987. (Shaw Decl., ¶9.) One such product is Maxill Canada's SUPERMAXX institutional line of toothbrushes, the accused product in the subject action. (Compl., ¶3; Shaw Decl., ¶9.)

Maxill Canada is incorporated under the laws of Ontario, Canada, and its principal place of business is Ontario, Canada. (Shaw Decl., ¶¶9 and 11.) Maxill Canada's primary market is within Canada; however, Maxill Canada does export its

products to the United States. (*Id*. at ¶¶21 and 23.) All of Maxill Canada's exports to the United States are to Maxill Inc., a corporation organized and existing under the laws of the State of Ohio and having its principal place of business in Cortland, Ohio (hereinafter "Maxill Ohio"). (*Id*. at ¶¶23-24.)

Defendant Shaw is the Founder and President of Maxill Canada, but is being sued as an individual in the subject action under the false premise that "Maxill is a mere shell or conduit for Shaw . . . and the corporate veil should be pierced to impose personal liability on Shaw." (Compl., ¶¶7-10; Shaw Decl., ¶9.) Plaintiff's Complaint acknowledges that "Shaw is a natural person who is a citizen and resident of the City of St. Thomas in the Province of Ontario, Canada." (Compl., ¶7.) At no time has Shaw conducted any personal activities or business activities specifically directed toward the State of California. (Shaw Decl., ¶¶4-8.) In fact, Shaw has never visited or traveled to the State of California. (*Id*. at ¶7.) Shaw, in his capacity as President, observes all necessary corporate formalities, including maintenance of proper corporate records, holding of regular meetings of directors and shareholders, and accurate separation of personal and corporate assets and accounts. (*Id*. at ¶¶25-30.)

Plaintiff, Loops, L.L.C., (hereinafter "Loops") by its Complaint acknowledges that "Loops is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Whatcom County, Washington." (*Id*. at ¶5.) In Loop's home state, Maxill Canada, Loops, and other

Case 2:25-cv-01814-JHC Document 9-1 Filed 01/16/25 Page 24 of 42 Page ID #: 211

related entities are parties to consolidated federal district court litigation. *Maxill Inc. et al v. Loops, LLC et al*, Case No. 2:2017cv01825, D. Wash., W.D. (*See* Griffith Decl., ¶10, Exhs. D and E, for the operative complaints).

On December 5, 2017, Maxill Ohio filed a declaratory judgment action against Loops and Loops Flexbrush, LLC ("Loops Flexbrush"), also having its principal place of business in the State of Washington, based on U.S. Patent No. 8,448,285 ("the '285 Patent"). (*Id*. at Exh. D.) Loops and Loops Flexbrush had amended their complaint to add Maxill Canada as a defendant to a lawsuit pending in the District of Utah in which it was asserted that numerous defendants infringed the '285 Patent ("the Utah Litigation"). (*Id*. at Exh. E.) On July 3, 2018, the parties filed a stipulated motion to transfer the Utah Litigation to be heard in the Western District of Washington, which the Court granted. (*Id*. at ¶11, Exh. F.) On July 30, 2018, the Washington Court granted the parties' stipulated motion to consolidate the transferred Utah Litigation with the litigation pending in that court (hereinafter, "the Consolidated Washington Litigation"). (*Id*. at ¶12, Exh. G.)

On February 8, 2018, Loops and Loops Flexbrush filed a counterclaim in the Consolidated Washington Litigation, jointly asserting that Maxill Ohio infringed the '285 Patent, stating: "in connection with its parent Maxill, Inc., a Canada corporation ("Maxill Canada"), Maxill [Ohio] promotes, distributes, imports and/or sells, among other things, personal care products to correctional and mental health facilities." (*Id*. at ¶13, Exh. H, 6.) On July 11, 2019, Loops and Loops Flexbrush

jointly filed a motion for leave to amend that counterclaim to assert that Maxill Ohio also infringed the '940 Patent, which had just issued on July 2, 2019. (*Id*. at ¶¶14-15, Exhs. I and J.) That motion was based on the following:

> (1) On July 2, 2019, U.S. Patent No. 10,334,940 ("'940 patent") issued to Loops; the '940 patent is directly related to the '285 patent asserted in the original complaint; and Loops asserts that Maxill infringes claims of the '940 patent based on the same accused products as in the original complaint, (2) good cause exists to grant leave as the amendment is directed to the same subject matter, legal and factual issues and purpose as the original complaint.

(*Id*. at Exh. I, 2:2-12.) More specifically, Loops and Loops Flexbrush represented as follows:

> As the [*sic*] both depend from the same application, the '940 patent is directly related to the '285 patent asserted in the original complaint. Loops asserts that Maxill infringes claims of the '940 patent based on the same accused products as in the original complaint, i.e., certain SuperMaxx products. Loops' assertions of infringement of the '940 patent are thus directed to the same parties, products, subject matter, legal and factual issues and purpose as the original complaint.

(*Id*. at Exh. I, 3:19-25.)

On August 19, 2019, the Washington Court declined to allow Loops and Loops Flexbrush leave to amend their counterclaim, stating: "If Loops wishes to pursue claims relating to United States Patent No. 10,334,940, it may commence a new action and pay the required filing fee." (*Id*. at ¶16, Exh. K.) The Court's Order was consistent with procedural posture at that time, as a claim construction order for the asserted '285 Patent issued on the same day that the motion to amend was filed. (*Id*. at ¶17, Exh. L.)

On November 27, 2019, the Court ruled on the parties' substantive motions,

denying Loops' and Loops Flexbrush's joint motion for partial summary judgment of infringement, granting Maxill Canada's and Maxill Ohio's joint "cross-motion" for summary judgment of non-infringement, issuing a declaratory judgment of non-infringement in Maxill Ohio's favor, and dismissing as moot the Maxill motions for partial summary judgment on invalidity and unenforceability. (*Id.* at ¶18, Exh. M.)

On December 31, 2020, the Federal Circuit reversed the Washington Court's Order of summary judgment of noninfringement. (*Id.* at ¶¶19-20, Exhs. N and O.) The Federal Circuit held that the noninfringement ruling was based on an incorrect understanding of a claim limitation, and "Loops did not have a full and fair opportunity to argue and present its case against summary judgment of noninfringement." (*Id.* at ¶19, Exh. N, 2 and 7.)

On March 10, 2021, the Consolidated Washington Litigation was stayed pending completion of related litigation in Canada, as the Canadian Court had issued an interim and interlocutory injunction prohibiting Maxill Canada from challenging the validity of the '285 Patent either directly or indirectly. ("Canadian Litigation"). (*Id.* at ¶21, Exh. P.) Currently, trial in Canada is set to begin on December 8, 2025. (*Id.*) The initial stay has been continued per several Court's orders, with the most recent order directing "the parties to file another Joint Status Report within fourteen (14) days after the trial proceedings in Canada have concluded, or by February 20, 2026, whichever occurs earlier." (*Id.*)

Meanwhile, Loops chose to assert U.S. Patent Nos. 11,013,311 and

10,334,940 against Defendants in the subject action. (Compl., ¶1 and Exhs. A and B, hereinafter, respectively, "the '311 Patent" and "the '940 Patent.") Each of the '311 Patent and the '940 Patent claims priority from the application issuing as the '285 Patent, which is the subject of the Consolidated Washington Litigation. (Griffith Decl., Exh. J, 4-5 and 13-23.) Each of these three patents is directed toward a toothbrush and has an identical sole inventor and assignee, Loops, LLC. (*Id.*) Additionally, a terminal disclaimer was filed during prosecution of the '940 Patent to obviate a double patenting rejection over the '285 Patent. (Griffith Decl., ¶6, Exh. A.)

After initial stay of the Consolidated Washington Litigation, the '285 Patent was the subject of an ex parte reexamination, and an Ex Parte Reexamination Certificate (12373rd) issued August 23, 2023, reflecting amendments made during reexamination to an asserted independent claim. (*Id.* at ¶8, Exh. C.) The '940 Patent in the subject action is also the subject of a pending ex parte reexamination, and the Examiner's rejection of claims asserted in the subject action is currently on appeal to the USPTO's Patent Trial and Appeal Board. (*Id.* at ¶7, Exh. B.)

## ARGUMENT

As a preliminary matter, this Court need not decide the issues of personal jurisdiction if it exercises its discretion under the doctrine of *forum non conveniens* to dismiss the action or, alternatively, transfers the action to the United States District Court for the Western District of Washington, where both Defendants have

consented to personal jurisdiction and venue, and a related action including all parties necessary to achieve consistent, fair, and efficient adjudication of the parties' rights is now pending. (Shaw Decl., ¶31.)

Dismissal Under the Doctrine of *Forum Non Conveniens* or, Alternatively, Transfer to the Western District of Washington is in the Interest of Justice

Federal courts have discretion to dismiss a case on the ground of *forum non conveniens* and have done just that in cases involving foreign defendants and a history of related proceedings between the parties in a foreign tribunal. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 426-428 (2007), citing *American Dredging Co. v. Miller*, 510 U.S. 443, 447-449 (1994). In dismissing on the ground of *forum non conveniens*, questions of personal jurisdiction need not be first addressed, when considerations of convenience, fairness, and judicial economy so warrant. *Sinochem*, 549 U.S. at 432 (2007).

A court must merely examine: (1) whether an adequate alternative forum exists, and (2) whether the balance of private and public interest factors favors dismissal. *Cooper*, CASE NO. 12-CV-3032 JLS (WMC) at *20-21 (S.D. Cal. Oct 28, 2014), citing *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001). "An adequate alternative forum is available to the plaintiff when (1) the defendant is amenable to service of process in the foreign forum and (2) the foreign forum provides the plaintiff with a satisfactory remedy." *Id.* at 21. "[I]t is only in "rare circumstances . . . where the remedy provided by the alternative forum . . . is so

clearly inadequate or unsatisfactory, that it is no remedy at all," that this requirement is not met." *Lueck*, 236 F.3d at 1144, citing *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 768 (9th Cir. 1991).

Defendant Maxill Canada, a Canadian corporation, and Plaintiff Loops, having its principal place of business in Washington, are parties to ongoing litigation spanning decades, including the Canadian Litigation and the Consolidated Washington Litigation. (Compl., ¶5; Griffith Decl., ¶10, Exhs. D, E, and P.) Although the tribunal in which the Canadian Litigation is pending may also provide as such, it is undisputed that the United States District Court for the Western District of Washington has the authority to provide Loops with a satisfactory remedy. Indeed, Loops, Loops Flexbrush, Maxill Canada, and Maxill Ohio are all parties to the Consolidated Washington Litigation and consented to the Washington Court's jurisdiction over claims related to the '285 Patent, which is directly related to the '940 Patent, and the same accused products. (Griffith Decl., ¶¶11-12 and 14-15, Exhs. F, G, I, and J.) Loops and Loops Flexbrush even sought to have claims related to the '940 Patent of the subject action adjudicated in that Court. (*Id*. at Exh. I.) Defendants Maxill Canada and Shaw are not only amenable to and waive service of process, they both consent to personal jurisdiction and venue in the United States District Court for the Western District of Washington. (Shaw Decl., ¶31.) In this action, an adequate alternative forum exists, and the balance of private and public interest factors favors dismissal by this Court under the doctrine of

*forum non conveniens*.

Similarly, when another federal court where the action could have been brought is the more convenient forum, transfer to that federal court is permitted under 28 U.S.C. § 1404(a) if "in the interest of justice." *Sinochem*, 549 U.S. at 430. At a minimum, transfer of the subject action to the Western District of Washington, which is a more convenient forum for both parties and their witnesses, is in the interest of justice. Further in the interest of judicial economy, the question of personal jurisdiction need not be addressed by this Court before such transfer. *Id*. at 423, citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584 (1999) (there is no mandatory "sequencing of non-merits issues").

This action could have – and should have but for Plaintiff's forum shopping – been brought in the Western District of Washington. Maxill Canada and Shaw have consented to personal jurisdiction and venue in the United States District Court for the Western District of Washington, which is home to Loops and geographically more convenient for the parties' witnesses and the Canadian defendants. Litigation including all necessary parties and involving the same accused product and related U.S. patent to those of the subject action is already pending in that Court. Loops already acknowledged that its claims against Maxill Canada for infringement of the '940 Patent are "directed to the same subject matter, legal and factual issues and purpose as the original complaint" in the Consolidated Washington Litigation. (Griffith Decl., ¶14, Exh. I at 3:19-25.)

Without transfer to the Western District of Washington, there is a risk of inconsistent results and certainly duplication of work and a waste of judicial resources. With the '285 Patent having been recently reexamined and the Federal Circuit having reversed the Washington Court's prior summary judgment of noninfringement based on "an incorrect understanding of a claim limitation" and other grounds, justice would not be unduly delayed with such a transfer given the procedural posture of the stayed Consolidated Washington Litigation. (*Id*. at ¶8, Exhs. C, N, O, and P.)

Thus, if not inclined to dismiss this action outright, Defendants respectfully requests that this Court transfer the subject action, as it is permitted to do under 28 U.S.C. § 1404(a), in the interest of justice and for the convenience of the parties and witnesses to the Western District of Washington, where consolidated litigation between each of Maxill Ohio, Maxill Canada, Loops, and Loops Flexbrush is pending and under an order of stay pending ongoing litigation in Canada.

<u>This Court Lacks Personal Jurisdiction Over Defendants</u>

Should this Court not otherwise dismiss or transfer the subject action to the Western District of Washington, Defendants respectfully request that this Court dismiss Plaintiff's claims against Defendants for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Plaintiff cannot meet its burden of proving Defendants are subject to personal jurisdiction in the Southern District of California.

"Once a defendant files a motion to dismiss pursuant to Rule 12(b)(2) of the

Federal Rules of Civil Procedure ("FRCP"), the plaintiff bears the burden of establishing personal jurisdiction over the defendant." *Star & Crescent Boat Co. v. Sunsplash Marina LLC*, 549 F.Supp.3d 1145, 1153 (S.D. Cal. 2021), citing *Wash. Shoe Co. v. A-Z Sporting Goods, Inc*, 704 F.3d 668, 671-72 (9th Cir. 2012); *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). When a defendant moves to dismiss by filing affidavits or declarations refuting jurisdictional allegations in a complaint, the plaintiff may not rest on those allegations and must support them with the plaintiff's own affidavits or evidence. *Star*, 549 F.Supp.3d at 1154, citing *Data Disc. v. Systems Tech. Association, Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

Personal jurisdiction over a defendant must: (1) satisfy the requirements of the long-arm statute of the state in which the district court sits; and (2) comport with principles of federal due process. *Ziegler v. Indian River Courts*, 64 F.3d 470, 473 (9th Cir. 1995); *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1404-05 (9th Cir. 1994); *Sinatra v. Nat'l Enquirer*, 854 F.2d 1191, 1195 (9th Cir. 1988). California's long-arm statute is set forth in Cal. Code Civ. P. 410.10, which states that California courts may exercise jurisdiction on any basis not inconsistent with the constitution.

This Court's exercise of personal jurisdiction over parties is not unlimited. The Due Process Clause protects parties from being subject to the binding judgments of a forum with which they have no established meaningful contacts, ties, or relations. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985).

Jurisdiction over a party is proper only where the party's conduct and connection with the forum state are such that the party should reasonably anticipate being brought into court in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Due process requires that a defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts may be demonstrated through facts supporting either general personal jurisdiction or specific personal jurisdiction. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990), citing *Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 414 (1984).

General personal jurisdiction requires that a non-resident defendant's activities within a forum state are "substantial" or "continuous and systematic." *Data Disc*, 557 F.2d 1280, 1287 (9th Cir. 1977), quoting *Perkins v. Bengeut Consol. Mining Co.*, 342 U.S. 437, 445-447 (1952); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004), quoting *Bancroft*, *infra*, in holding that the contact must "approximate physical presence in the forum state."). In *Bancroft*, recognizing the fairly high standard for proper assertion of jurisdiction, the Ninth Circuit set forth the following factors to be considered in examining whether the exercise of general personal jurisdiction over a party is proper: whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is

Case 1:25-cv-01814-BJC-DDL Document 20-4 Filed 01/26/26 Page 34 of 42 PageID #: 221

incorporated [therein]. *Bancroft & Masters, Inc. v. August Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). The Declaration of John Dennie Shaw filed herewith establishes that neither Shaw nor Maxill Canada have engaged in activities within the State of California that are substantial or continuous and systemic in nature. For example, neither Defendant makes sales, solicits or engages in business in, serves the state's markets, designates an agent for service of process, holds a license in, or is incorporated in the State of California. (Shaw Decl., ¶¶8-24.)

Specific personal jurisdiction, on the other hand, requires that the action arise out of a specific activity or event within the forum. *Helicopteros*, 466 U.S. at 414. California uses the following three-part test to determine whether a court has specific personal jurisdiction over a defendant: (1) the defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws; (2) the claim must arise out of or result from the defendant's forum related activities; and (3) the exercise of jurisdiction must be reasonable. *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993), citing *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir. 1988). Plaintiff bears the burden of establishing the first two prongs of the test. *Schwarzenegger,* 374 F.3d at 802.

Loops cannot meet its burden of proving that Defendants are subject to personal jurisdiction in this judicial district. Loops' assertion that personal

jurisdiction exists over the Defendants is as follows:

> The Court has personal jurisdiction over each Defendant by virtue of, upon information and belief, their transacting and doing business in California and this judicial district and/or committing acts of patent infringement in the state and this district independently and/or as alter egos or agents of each other. Upon information and belief, each of the Defendants is engaged in substantial and continuous contacts with California and this judicial district, independently and/or as alter egos or agents of each other, through their conduct of business, including making, using, selling, offering for sale, and importing infringing products and services to customers within the state and this district. Each of the Defendants also places or causes to have placed infringing products and services into the stream of commerce, independently and or as alter egos or agents of each other, including by way of Shaw's and Maxill's websites, https://www.maxill.com/us and https://www.maxill.com/us/our-products/toothbrushes/specialty-items/supermaxx-prison-institutional-toothbrush.html, which have product information sheets prepared specifically for U.S. sales at https://www.maxill.com/us/mwdownloads/download/link/id/702/, and are available and marketed for sale within the U.S., California and this judicial district on, inter alia, Amazon (https://www.amazon.com/MAXILL-Supermaxx-Prison-Correctional-Toothbrushes/dp/B09GZJSDB7) and ebay (https://www.ebay.com/itm/225973388731) marketplaces, with the knowledge that such products and services will be made, imported, sold, offered for sale, and used in California and this judicial district. Upon information and belief, a substantial part of the events giving rise to Loops' claims, including acts of patent infringement, occurred in California and this judicial district, thereby causing Loops damage within the state and this district.

(Compl., ¶12.)

Again, the Declaration of John Dennie Shaw filed herewith establishes that neither Shaw nor Maxill Canada have performed any act or consummated any transaction within the forum, purposefully availing himself or itself of the privilege of conducting activities in the forum and invoking the benefits and protections of the laws of the State of California. (Shaw Decl., ¶¶8-24.) In fact, Shaw has never

visited or traveled to the State of California, and the only business that Maxill Canada conducts with residents of the United States is through its exportation of products to Maxill Ohio, whose principal place of business is in the State of Ohio. (*Id*. at ¶¶7 and 23.) Shaw, in his capacity as President, observes all necessary corporate formalities, including maintenance of proper corporate records, holding of regular meetings of directors and shareholders, and accurate separation of personal and corporate assets and accounts. (*Id*. at ¶¶25-30.)

Alternatively, Loops asserts that this Court has personal jurisdiction over Defendants pursuant to Fed. R. Civ. Pro. 4(k)(2), as a foreign entity and individual who "have purposefully directed infringing activities toward the United States as a whole. Such activities include but are not limited to the marketing, importation, offer for sale, sale, and distribution of the Accused Product throughout the United States and within this judicial district." (Compl., ¶13.)

Plaintiff misapplies Rule 4(k)(2), which only applies if a "defendant is not subject to jurisdiction in any state's court of general jurisdiction" and "exercising jurisdiction is consistent with the United States Constitution and laws." (FRCP 4(k)(2).) Instead of using Rule 4(k)(2) as a shield consistent with its intended purpose to allow federal district courts to bring foreign defendants to justice within the United States, Plaintiff uses Rule 4(k)(2) as a sword in its attempt to forum shop and force Defendants to defend themselves in the Southern District of California.

Here, Maxill Canada has already subjected itself to the jurisdiction of the

Western District of Washington by consenting to transfer of the Utah Litigation to that judicial district for judicial resolution of Loops' claims of patent infringement of the '285 Patent. *Kyocera Int'l, Inc. v. Semcon IP, Inc.*, Case No.: 3:18-CV-1575-CAB-MDD, Doc Nos. 12, 15, at *5 (S.D. Cal. Oct 19, 2018), citing *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1334 (Fed. Cir. 2008). Shaw and Maxill Canada both consent to personal jurisdiction in the Western District of Washington. (Shaw Decl., ¶31.)

Indeed, Defendants' contacts with the Southern District of California are basically non-existent. All things considered, it would offend traditional notions of fair play and substantial justice to force Defendants to adjudication of Plaintiff's claims in this judicial district. As such, dismissal of this action is warranted and respectfully requested as Plaintiff cannot meet its burden of establishing that this Court has personal jurisdiction over Defendants.

At a Minimum, Stay of Litigation is Warranted for Judicial Economy

If this Court does not dismiss or transfer the subject action, Defendants respectfully request that an order of stay be entered by this Court. This Court has recognized its inherent authority to stay proceedings as incidental to its inherent power to control disposition of its docket with economies of time and effort for itself, counsel, and litigants. *Omnitracs, LLC v. Platform Science, Inc.*, Case No.: 20-cv-0958-JLS-MDD, ECF Nos. 20, 22, 39, 50, 53, 57, 59, at *4 (S.D. Cal. Mar 08, 2021), citing *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir.

2003), *abrogated on other grounds by Ryan v. Gonzales*, 568 U.S. 57 (2013), and *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936).

Two pending proceedings warrant stay of this action in its entirety, the first being the Canadian Litigation between Loops and Maxill Canada, which is set for trial to begin on December 8, 2025. (Griffith Decl., Exh. P.) As ordered by the Washington Court, at least until conclusion of the trial in the pending Canadian Litigation, continued stay of the Consolidated Washington Litigation in its entirety is warranted. (*Id*.)

At issue in the Canadian Litigation is an interim and interlocutory injunction prohibiting Maxill Canada from challenging the validity of the ‘285 Patent either directly or indirectly. (*Id*.) The scope of that prohibition – especially as it may apply to validity challenges of patents directly related to the ‘285 Patent – is not certain. Resolution of at least that issue, for example, is paramount to ensuring Defendants are accorded due process in being able to defend themselves against Plaintiff Loops’ claims of patent infringement in the subject action.

Loops acknowledged that “the ‘940 patent is directly related to the ‘285 patent.” (*Id*. at Exh. I, 2:2-12.) Indeed, each of the ‘311 Patent and the ‘940 Patent claims priority from the application issuing as the ‘285 Patent. (Compl., Exhs. A and B; *see also* Griffith Decl., ¶6, Exh. A.) Thus, any determination of validity of the ‘285 Patent – and Maxill Canada’s ability to challenge the same directly or indirectly – is necessarily relevant to the subject action given the inter-relation of

Case 4:25-cv-02346-DMR Document 20-4 Filed 01/06/26 Page 39 of 42

the '285 Patent to the '940 Patent and the '311 Patent asserted here.

The second pending proceeding warranting stay of this action in its entirety is the pending ex parte reexamination of the '940 Patent. (Griffith Decl., ¶7, Exh. B.) In that proceeding, the Examiner's rejection of claims asserted in the subject action is currently on appeal to the USPTO's Patent Trial and Appeal Board. (*Id.*) This action should be stayed in its entirety pending reexamination because efficiencies of judicial resources and cost savings to the parties would result should any or all of the asserted claims be ultimately invalidated or amended.

This Court has recognized the intent of Congress in providing an efficient and cost-effective procedure for reviewing validity of patents employing the USPTO's expertise through the reexamination process. *Oakley, Inc. v. Seaver Co.*, Case No. 11cv2079 DMS (BLM), at *2 (S.D. Cal. Feb 22, 2012), citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988). While courts are not required to stay judicial proceedings in view of reexamination, the following three factors are considered in determining whether to stay: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and a trial date set. *Id.* at *3, citing *Viskase Corp. v. Am. Nat'l Can Co.,* 261 F.3d 1316, 1328 (Fed. Cir. 2001), *Ethicon,* 849 F.2d at 1426-27, and *In re Cygnus Telecomm. Tech., LLC, Patent Litig.,* 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005).

Due process requires that defendants be afforded a full and fair opportunity to defend themselves from claims of patent infringement, including the defense that the asserted patent claims are invalid. There is no evidence that the first factor weighs against stay pending reexamination, which stay would first allow the USPTO to complete its review of validity of the claims asserted in '940 Patent employing the USPTO's expertise.

With respect to the second factor, this Court recognized that "[o]ne purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Protectconnect, Inc. v. Leviton Mfg. Co.*, Case No.: 10cv758 AJB (BGS), Doc. Nos. 121 and 130, at *3 (S.D. Cal. Apr 22, 2011), quoting *Gould v. Control Laser Corp.,* 705 F.2d 1340, 1342 (Fed.Cir.1983). Thus, even confirmation of patentability of claims – with or without amendment, weighs in favor of stay pending conclusion of reexamination.

With respect to the third factor, this Court has recognized that there "is a liberal policy in favor of granting motions to stay proceedings pending the outcome of re-examination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery." *Omnitracs,* Case No.: 20-cv-0958-JLS-MDD, at *5 (S.D. Cal. Mar 08, 2021), citing *Masimo Corp. v. Wireless*, No. 19-CV-01100-BAS-NLS, 2021 WL321481, at *2 (S.D. Cal. Feb. 1, 2021) (quoting

*Aten Int'l Co., Ltd. v. Emine Tech. Co., Ltd.*, No. SACV 09-0843 AG (MLGx), 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010)). Thus, given its initial stage, with an answer to the complaint having not even been filed, the third factor weighs heavily in favor of stay of the subject action pending conclusion of reexamination.

All factors considered and in the interest of judicial economy, this Court should stay the subject action consistent with status of the consolidated litigation in the State of Washington and for the additional reason that one of the two patents asserted in the subject action is currently undergoing extensive ex parte reexamination with the U.S. Patent & Trademark Office.

## CONCLUSION

Defendants respectfully request that this Court invoke the doctrine of *forum non conveniens* and dismiss this case outright. A more convenient forum, in which litigation including all necessary parties and involving the same accused product and related U.S. patent to those of the subject action is already pending, exists in this case.

If not inclined to dismiss this action outright, Defendants respectfully requests that this Court transfer the subject action under 28 U.S.C. § 1404(a) in the interest of justice and for the convenience of the parties and witnesses to the Western District of Washington, where consolidated litigation between each of Maxill Ohio, Maxill Canada, Loops, and Loops Flexbrush is pending and under an order of stay pending ongoing litigation in Canada.

Alternatively, Defendants request that this Court dismiss the subject action under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

Finally, if not otherwise dismissed or transferred, Defendants respectfully request that this Court stay the subject action in the interest of judicial economy. Stay would be consistent with status of the consolidated litigation in the State of Washington. Moreover, one of the two patents asserted in the subject action is currently undergoing extensive ex parte reexamination with the U.S. Patent & Trademark Office.

Dated: October 1, 2025 Respectfully submitted,

By: s/ Lisa M. Griffith
LISA M. GRIFFITH

*Attorney for Defendants*,
Maxill Inc. and John Dennie Shaw
E-mail: Lgriffith@griffithpc.com; l.griffith@ccl.aw