# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Loops, L.L.C., | )<br>) Case No. 4:25-cv-02346-BYP |
| Plaintiff, | )<br>) Judge Benita Y. Pearson |
| vs. | ) |
| Maxill Inc. *et al.*, | ) |
| Defendants. | ) |

## Response to Motion to Dismiss, Transfer, or Stay Complaint

Plaintiff Loops, L.L.C. respectfully requests the Court to deny the Motion to Dismiss, Transfer, or Stay Complaint (ECF 22) by defendants Maxill Inc., a Canadian Corporation ("Maxill Canada") and John Dennie Shaw ("Shaw") (collectively, "Maxill") as moot in light of Loops filing of its amended complaint today, February 5, 2025 (ECF 23). By operation of law, that amended pleading renders Loops' original complaint—the complaint to which Maxill's motion is addressed—a nullity.

While Loops believes that the filing of the amended complaint automatically moots Maxill's entire motion by operation of law, Loops files this response out of an abundance of caution and to request alternative relief if the Court does not agree with Loops' view on mootness.

## Background

On October 30, 2025, Loops filed its complaint against Maxill Canada, Shaw, Maxill, Inc., an Ohio corporation ("Maxill Ohio"), Maxill Realty, Inc., and BaderCap Pty Ltd. (collectively, the "Defendants").

37492037.1

On December 9, 2025, Maxill Ohio and Maxill Realty, Inc. (the "Maxill Debtors") filed Voluntary Chapter 11 Petitions in the U.S. Bankruptcy Court of the Northern District of Ohio, (Case Nos. 25-41500 and 25-41501). (ECF 15.) This triggers an automatic stay under the Bankruptcy Act with respect to the Maxill Debtors only.

On January 15, 2026, Maxill Canada and Shaw filed a "Motion to Dismiss, Transfer, or Stay Complaint." (ECF 22.)

On February 5, 2026, Loops filed its amended complaint, as a matter of right under Fed. Civ. R. 15(a)(1)(B), which allows an amended complaint within 21 days after service of Rule 12(b) motion. (ECF 24.)

## **Law and Argument**

The filing of an amended complaint supersedes the original complaint and renders it a nullity. *Heyward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014). Thus, courts in this district routinely deny pending motions to dismiss as moot when plaintiff amends its complaint. *See, e.g., Billings v. CoreCivic, Inc.*, No. 4:25-cv-714, 2025 WL 2799976, at *2 (Sept. 30, 2025) (Pearson, J.). On this basis alone, the Court should deny Maxill's motion in its entirety as moot.

While Maxill's motion also seeks a transfer or stay of the complaint, as an alternative to dismissal, that should not cause the Court to splinter Maxill's motion by denying it *in part* and requiring Loops to oppose the portion of Maxill's motion that requests transfer or stay. That is because, as admitted by its own chosen motion caption, Maxill's motion seeks a transfer or stay of the "complaint." (ECF 22.) Because Loops' amendment has rendered that complaint a nullity, Maxill's motion for transfer or stay of that nullified complaint is likewise rendered moot. *See PNC Fin. Servs. Grp., Inc. v. Pickerill*, No. 1:10-cv-1229, 2011 WL

2

13234420, at *1 (N.D. Ohio Aug. 15, 2011) (finding motion to transfer moot in light of amendment and granting leave to renew as to the amended complaint); *IMG Worldwide, Inc. v. Baldwin*, No. 1:10-cv-794, 2010 WL 3211686, at *2 n.2 (N.D. Ohio Aug. 11, 2010) (combined motion to transfer venue or dismiss rendered moot by amended complaint).

Alternatively, if the Court declines to deny the entire motion as moot, it should hold the transfer and stay issues in abeyance and permit Maxill to renew its motion (in full) directed to the operative amended complaint. This approach promotes efficiency: it results in a single, cohesive set of briefing addressed to the operative pleading, rather than fragmented, successive rounds of briefing on separate motions addressing different complaints. It also benefits Maxill by allowing it to tailor its arguments to the amended complaint without being tethered to superseded allegations in the original complaint.

If the Court orders that Loops must oppose the transfer and stay portions of the motion at this time, Loops respectfully requests a two-week extension of its opposition deadline from the date of any such order.

## **Conclusion**

The Court should deny Maxill's motion to dismiss, transfer, or stay the complaint as moot or, alternatively, hold the transfer and stay issues in abeyance pending a renewed motion to dismiss, transfer, and stay by Maxill against the amended complaint.

3

Respectfully submitted,

Dated: February 5, 2026

  s/ Matthew J. Cavanagh
David B. Cupar (0071622)
Matthew J. Cavanagh (0079522)
Benjamin Foote-Huth (0104192)
MCDONALD HOPKINS LLC
600 Superior Ave., East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com
bfootehuth@mcdonaldhopkins.com

and

David M. Kohn*
Michael T. Lane*
John M. Houkom*
Zachary S., Tedford*
LEWIS KOHN & WALKER
17085 Via Del Campo
San Diego, CA 92127
tel: 858.436.1332
dkohn@lewiskohn.com
mlane@lewiskohn.com
jhoukom@lewiskohn.com
ztedford@lewiskohn.com

* *pro hac vice* applications forthcoming

*Counsel for Loops L.L.C.*