UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LOOPS, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> MAXILL INC., *et al.*, <br><br> Defendants. | Case No. 4:25-cv-02346-BYP <br><br> JUDGE BENITA Y. PEARSON <br><br><br> **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TRANSFER AMENDED COMPLAINT** |

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................... 1

II. FACTS RELEVANT TO ISSUES TO BE DECIDED ......................................... 2

III. LAW AND ARGUMENT ...................................................................................... 6

    **A. This case should be transferred to the Western District of Washington under *forum non conveniens*.** ................................................................................ 6

    **B. Loops's fraudulent transfer claim against Shaw should be dismissed because it is beyond the statute of limitations.** ...................................................... 9

IV. CONCLUSION ..................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Adm'r, State Medicaid Estate Recovery Program v. Miracle*, 2015-Ohio-1516, ¶ 26 (4th Dist) .................................................................................................................. 10

*American Dredging Co. v. Miller*, 510 U.S. 443 (1994) .................................................. 7

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) ............................................................... 8

*Jones v. IPX Int'l Equatorial Guinea, S.A.*, 920 F.3d 1085 (6th Cir. 2019) ................. 7, 8

*Lifesphere v. Sahnd*, 2008-Ohio-6507 (1st Dist.) .......................................................... 9

*Maxill Inc. et al. v. Loops, LLC et al.*, Case No. 2:17-cv-01825-TSZ, D. Wash., W.D .................................................................................................................................. 3

*Maxill, Inc. v. Loops, LLC*, 838 F. App'x 534 (Fed. Cir. 2020) ....................................... 5

*Sinochem Int'l Co., Ltd. v. Malaysia International Shipping Corp.*, 549 U.S. 422 (2007) .................................................................................................................... 7

*Treinish v. Spitaleri (In re Spitaleri)*, Bankr.N.D. Ohio Nos. Chapter 7 Proceedings, 05-94988, 2006 Bankr. LEXIS 4155 (May 9, 2006) .......................................... 10

**Other Authorities**

11 U.S.C. § 362(k) ............................................................................................................ 1

28 U.S.C. § 1332 .............................................................................................................. 8

28 U.S.C. § 1404(a) .............................................................................................. 1, 6, 7, 11

R.C. § 1336.09 .................................................................................................................. 9

R.C. 1336.09(A) .............................................................................................................. 10

R.C. 1336.09(B) .............................................................................................................. 10

**I.    INTRODUCTION**

Despite the parties having a pending, stayed, patent infringement case in the Western District of Washington, home to Plaintiff Loops, L.L.C., that involves a very similar patent and the same alleged toothbrush product, Loops filed substantially identical allegations here in Ohio. Indeed, this is the second time Loops has attempted to shop a different forum than the Western District of Washington, which previously issued a non-infringement ruling in Maxill's favor (although that ruling was reversed and remanded). Loops first tried bringing these same patent claims in the Southern District of California. But after Maxill moved to dismiss or transfer to the Western District of Washington, Loops voluntarily dismissed that case and filed its Complaint and Amended Complaint here.

The Defendants, Maxill, Inc. ("Maxill Canada") and John Dennie Shaw (collectively, "Defendants")[1] request that this Court use its discretion and transfer the proceedings to the Western District of Washington under the doctrine of *forum non conveniens* and its authority under 28 U.S.C. § 1404(a), in the interest of justice and efficiency. The Western District of Washington is a more convenient forum and is very familiar with Loops's patent family and accused Maxill toothbrush product. It would serve judicial economy and ease the burdens on the parties to resolve this similar proceeding in a forum that is familiar with the parties, patent family, and claim construction, and is the locality in which the plaintiff witnesses likely reside.

In addition, the Defendants request that the Court dismiss the fraudulent transfer claim against Shaw because the statute of limitations has run.

---

[1] Loops also asserted claims against Maxill, Inc. ("Maxill Ohio"), Maxill Realty, Inc., and BaderCap Pty Ltd. There is currently a bankruptcy stay in place with respect to Maxill Ohio and Maxill Realty, and those two parties have requested an extension to respond to the Complaint until 21 days after the stay is lifted. (ECF Doc. 17). The Plaintiff's Amended Complaint with arguments directed toward Maxill Ohio and Maxill Realty are in violation of Title 11 of the Federal Bankruptcy Code, specifically 11 U.S.C. § 362(k). These defendants are not responding at this time and reserve all rights to respond. The undersigned counsel does not represent BaderCap.

## II. FACTS RELEVANT TO ISSUES TO BE DECIDED

Loops filed its Complaint on October 30, 2025, against Maxill Canada, Shaw, Maxill Ohio, Maxill Realty, and BaderCap. ECF Doc. 1. Loops filed an Amended Complaint on February 5, 2026. ECF Doc. 24. In its Amended Complaint, Plaintiff brings two claims for patent infringement against Maxill Canada, Maxill Ohio, Maxill Realty, and Shaw—as well as BaderCap—and a claim for fraudulent transfer against Maxill Realty and Shaw—as well as BaderCap. *Id.* at pp. 14–17.

Maxill Canada has been in the business of selling, marketing, and shipping infection control and oral healthcare products primarily to dental professionals since 1987. *See* ECF Doc. 20, Exhibit D, p. 6 at ¶ 9. One such product is Maxill Canada's SUPERMAXX institutional line of toothbrushes, the accused product in the subject action. Amend. Compl. ¶ 3; ECF Doc. 20, Exhibit D, p. 6 at ¶ 9.

Maxill Canada is incorporated under the laws of Ontario, Canada, and its principal place of business is Ontario, Canada. ECF Doc. 20, Exhibit D, p. 6, ¶¶ 9 and 11. Maxill Canada's primary market is within Canada; however, Maxill Canada does export its product to the United States. *Id.* at p. 7–8, ¶¶ 21 and 23.

Defendant Shaw is the Founder and President of Maxill Canada, but is being sued as an individual in the subject action under the false premise that "the corporate veil should be pierced to impose personal liability on Shaw for the wrongful acts of the Maxill Entities and to impose reciprocal liability on the Maxill Entities for Shaw's wrongful conduct." Amend. Compl. ¶¶ 12, 14; ECF Doc. 20, Exhibit D, p. 6 at ¶ 9. Plaintiff's Complaint acknowledges that "Shaw is a natural person who is a citizen and resident of the City of St. Thomas in the Province of Ontario, Canada." Amend. Compl. ¶ 11. Shaw, in his capacity as President, observes all necessary corporate formalities, including maintenance of proper corporate records, holding of regular meetings of

directors and shareholders, and accurate separation of personal and corporate assets and accounts. ECF Doc. 20, Exhibit D, p. 8–9, ¶¶ 25–30.

Loops states in its Complaint that "Loops is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Whatcom County, Washington." Amend. Compl. ¶ 6. In Loops's home state of Washington, Maxill Canada, Loops, and other related entities are parties to consolidated federal district court litigation involving the parent patent to the asserted patents in this case. *Maxill Inc. et al. v. Loops, LLC et al.*, Case No. 2:17-cv-01825-TSZ, D. Wash., W.D ("the Consolidated Washington Litigation"), Doc. 1.

Maxill Ohio initiated that case on December 5, 2017, filing a declaratory judgment action against Loops and Loops Flexbrush, LLC, also having its principal place of business in the State of Washington, based on U.S. Patent No. 8,448,285 (the "'285 Patent"), which is the parent to the two asserted patents in this case. Cons. Wash. Lit., 2:17-cv-01825-TSZ, Doc. 1. Also in 2017, Loops and Loops Flexbrush filed a patent infringement case against Maxill asserting the '285 Patent ("the Utah Litigation"). Utah Lit., 1:17-cv-00123-DN, Doc. 7. On July 3, 2018, the parties stipulated to transfer the Utah Litigation to the Western District of Washington. Utah Lit., 1:17-cv-00123-DN, Doc. 71. On July 30, 2018, the Washington Court consolidated the transferred Utah Litigation with the litigation pending in that court. Cons. Wash. Lit., 2:17-cv-01825-TSZ, Doc. 17.

On February 8, 2018, Loops and Loops Flexbrush filed a counterclaim in the Consolidated Washington Litigation, asserting that Maxill Ohio infringed the '285 Patent, stating: "in connection with its parent Maxill, Inc., a Canada corporation ("Maxill Canada"), Maxill [Ohio] promotes, distributes, imports and/or sells, among other things, personal care products to correctional and mental health facilities." Cons. Wash. Lit., 2:17-cv-01825-TSZ, Doc. 10. On July

3

11, 2019, Loops and Loops Flexbrush jointly filed a motion for leave to amend that counterclaim to assert that Maxill Ohio also infringed the '940 Patent (one of the two patents asserted in this case), which had just issued on July 2, 2019. Cons. Wash. Lit., 2:17-cv-01825-TSZ, Doc. 72, on the basis that the patents are directed to the same subject matter and the same accused product:

> (1) On July 2, 2019, U.S. Patent No. 10,334,940 ("'940 patent") issued to Loops; the '940 patent is directly related to the '285 patent asserted in the original complaint; and Loops asserts that Maxill infringes claims of the '940 patent based on the same accused products as in the original complaint, (2) good cause exists to grant leave as the amendment is direct to the same subject matter, legal and factual issues and purpose as the original complaint.

Cons. Wash. Lit., 2:17-cv-01825-TSZ, Doc. 72 at 2:2–12. Loops and Loops Flexbrush reasoned that it made sense to litigate the '940 Patent claims in the Consolidated Washington Litigation based on the similarities between the two patents:

> As the [*sic*] both depend from the same application, the '940 patent is directly related to the '285 patent asserted in the original complaint. Loops asserts that Maxill infringes claims of the '940 patent based on the same accused products as the original complaint, i.e., certain SuperMaxx products. Loops' assertions of infringement of the '940 patent are thus directed to the same parties, products, subject matter, legal and factual issues and purposes as the original complaint.

Cons. Wash. Lit., 2:17-cv-01825-TSZ, Doc. 72 at 3:19–25.

On August 19, 2019, the Washington court denied Loops's and Loops Flexbrush's motion for leave to amend their counterclaim, stating: "If Loops wishes to pursue claims relating to United States Patent No. 10,334,940, it may commence a new action and pay the required filing fee." Cons. Wash. Lit., 2:17-cv-01825-TSZ, Doc. 80. The court's order was consistent with procedural posture at that time, as a claim construction order for the asserted '285 Patent issued on the same day that the motion to amend was filed. Cons. Wash. Lit., 2:17-cv-01825-TSZ, Doc. 71.

4

On November 27, 2019, the court ruled on the parties' dispositive motions, denying Loops's and Loops Flexbrush's joint motion for partial summary judgment of infringement, granting Maxill Canada's and Maxill Ohio's joint "cross-motion" for summary judgment of non-infringement, issuing a declaratory judgment of non-infringement in Maxill Ohio's favor, and dismissing as moot the Maxill motions for partial summary judgment on invalidity and unenforceability. Cons. Wash. Lit., 2:17-cv-01825-TSZ, Doc. 123. On December 31, 2020, the Federal Circuit reversed the Washington court's order of summary judgment of noninfringement due to the district court's claim construction. *Maxill, Inc. v. Loops, LLC*, 838 F. App'x 534 (Fed. Cir. 2020).

On March 10, 2021, the Consolidated Washington Litigation was stayed pending completion of another related litigation between the parties in Canada, as the Canadian Court had issued an interim and interlocutory injunction prohibiting Maxill Canada from challenging the validity of the '285 Patent either directly or indirectly while the Canadian Litigation was pending. Cons. Wash. Lit., 2:17-cv-01825-TSZ, Doc. 178.

After the Consolidated Washington Litigation was stayed, on July 16, 2025, Loops filed a complaint in the Southern District of California asserting two child patents of the '285 Patent, the '940 Patent and U.S. Patent No. 11,013,311 (the "'311 Patent), against Maxill Canada and Shaw. *Loops, L.L.C. v. Maxill Inc.*, 3:25-cv-01814-JLS-DDL, Doc.1 ("the California Litigation"). After Maxill Canada and Shaw moved to dismiss or transfer that case to the Western District of Washington, Loops voluntarily dismissed the California Litigation. *Id.* at Doc. 15.

Shortly after dismissing the California Litigation, Loops filed this case. ECF Doc. 1. Loops filed its Amended Complaint on February 5, 2026. ECF Doc. 24. The '311 Patent and the '940 Patent both claim priority from the application issuing as the '285 Patent, which is the subject of

5

the Consolidated Washington Litigation. *Id.* at Exhs. A and B; Cons. Wash. Lit., 2:17-cv-01825-TSZ, Doc. 72-2. Each of these three patents is directed toward a toothbrush and has identical sole inventor and assignee, Loops, LLC. Demonstrating the significant overlap between these patents, Loops filed a terminal disclaimer during prosecution of the '940 Patent to obviate a *double patenting* rejection over the '285 Patent. Cal. Lit., 3:25-cv-01814-JLS-DDL, Doc. 9-3, p. 8.

Defendants have filed a concurrent Reply in Support of Their Motion to Dismiss the initial Complaint, aspects of which were unaffected by Loops's Amended Complaint. ECF Doc. 25.

### III. LAW AND ARGUMENT

#### A. This case should be transferred to the Western District of Washington under *forum non conveniens*.

This Court should transfer the action to the United States District Court for the Western District of Washington under the doctrine of *forum non conveniens* and under its authority from 28 U.S.C. § 1404(a). All Defendants have consented to personal jurisdiction and venue in the Western District of Washington—a court that, since 2018, has presided over a case involving a similar patent from the same patent family as those asserted in this case and involving the same accused product. The '285 Patent, at issue in Washington, is the parent of both the '311 Patent and the '940 Patent at issue in the present case. The Washington court is familiar with the patent family tree, specifications, technology, claim construction issues, and accused product. Further, Loops's headquarters is located in Washington, so litigating in Washington would be more convenient for the witnesses. It would thus be beneficial and more convenient to transfer the action to Washington.

Federal courts have discretion to transfer a case on the ground of *forum non conveniens* and have done so in cases involving foreign defendants and a history of related proceedings between the parties in a foreign tribunal. *Sinochem Int'l Co., Ltd. v. Malaysia International*

6

*Shipping Corp.*, 549 U.S. 422, 428–30 (2007) (citing *American Dredging Co. v. Miller*, 510 U.S. 443, 447–449 (1994). When another federal court where the action could have been brought is the more convenient forum, transfer to that federal court is permitted if "in the interest of justice." *Id.* at 430; 28 U.S.C. § 1404(a).

Courts consider three factors when determining whether to transfer a case under the doctrine of *forum non conveniens*: "(1) whether an adequate alternative forum is available; (2) whether a balance of private and public interests suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court; and (3) the amount of deference to give the plaintiff's choice of forum." *Jones v. IPX Int'l Equatorial Guinea, S.A.*, 920 F.3d 1085, 1090 (6th Cir. 2019). The third consideration can be separately addressed. *Id.*

The Western District of Washington is an adequate and available alternative forum. A forum is available if the defendant is amendable to process there and the forum is adequate if it can remedy the alleged harm. *Id.* at 1090–91. Maxill Canada and Maxill Ohio are already parties to the Washington Litigation and consent to personal jurisdiction in that court, as do Shaw and Maxill Realty. Further, Loops's headquarters is in Washington, presumably along with its relevant witnesses. It is a more convenient forum for both parties. The previous and pending litigation in Washington provides that the forum is available.

The forum is also adequate. Loops has acknowledged that its infringement claims of the '940 Patent are "directed to the same . . . subject matter, legal and factual issues and purpose as the original complaint" in the Consolidated Washington Litigation. Cons. Wash. Lit., 2:17-cv-01825-TSZ, Doc. 72 at 3:19–25. It is undisputed that the United States District Court for the Western District of Washington has the authority to provide Loops with satisfactory remedy with respect to its patent claims. And the Western District of Washington would have subject matter

jurisdiction over the fraudulent transfer claim under diversity jurisdiction, as all plaintiffs and defendants are citizens of different States and the amount in controversy exceeds $75,000. ECF Doc. 14, ¶ 16; 28 U.S.C. § 1332. The Western District of Washington is thus an adequate alternative forum that is available.

The balance of private and public interests also weighs in favor of transferring the case to Washington. A non-exhaustive list of private interests that are taken into consideration include: "'the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Jones*, 920 F.3d at 1092–93 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). Neither Maxill Canada, Shaw, nor Loops are residents of Ohio, so trying the case in Ohio would not be easier on any of these parties. Further, the parties already have a pending litigation in Washington, and Loops is headquartered in Washington, making it clear that trying this case in Washington would be less burdensome than in Ohio.

There is also a risk of inconsistent results and duplication of work and a waste of judicial resources if the case is tried in this Court. The Washington court has already expended significant time and effort adjudicating many issues for Loops's similar claims related to the parent '285 Patent. For example, the Washington court has already reviewed extensive briefing and made rulings on how to construe claims from the '285 Patent that are similar to the claims asserted in this case involving very similar subject matter. Cons. Wash. Lit., 2:17-cv-01825-TSZ, Doc.71.

Finally, the amount of deference given to the plaintiff on its choice of forum may be considered if the plaintiff asks, and the choice of forum should be disturbed if the private and public interests strongly favor dismissal *Id.* at 1094 (citing *Gulf Oil*, 330 U.S. at 508). The private

8

and public interests strongly favor transferring the litigation to Washington to allow a court that has already expended significant time and effort in presiding over a very similar case.

In this action, the Court should exercise its ability to transfer to the case under the doctrine of *forum non conveniens* because an adequate alternative forum exists and the balance of private and public interest factors favors transfer.

> **B.** **Loops's fraudulent transfer claim against Shaw should be dismissed because it is beyond the statute of limitations.[2]**

This court should dismiss Loops's fraudulent transfer claim against Shaw because the statute of limitations has passed. Loops's claim for fraudulent transfer is brought under Chapter 1336 of the Ohio Revised Code against Maxill Realty and Shaw. *See* Amend. Compl. ¶¶ 81–97. Loops did not file the action within the required four years of the alleged transfer or within one year of discovering the transfer. Loops's fraudulent transfer claim is subject to the statute of limitations in R.C. § 1336.09. *See e.g., Lifesphere v. Sahnd*, 2008-Ohio-6507, ¶ 18 (1st Dist.) ("[A]n action seeking to set aside a property transfer under the fraudulent-conveyance statutes is subject to the one- and four-year time limitations found in R.C. 1336.09.").

Loops alleges that a mortgage was executed and recorded with actual intent to hinder, delay, or defraud Loops as a creditor in violation of R.C. 1336.04(A)(1) and/or the mortgage was constructively fraudulent under R.C. 1336.04(A)(2) and R.C. 1336.05(A). Amend. Compl. ¶¶ 90–91. In support of its claim, Loops alleges that "on or about ***October 18, 2017***, while Loops was actively pursuing or preparing infringement and other legal actions against Defendants, Maxill Realty executed an open-ended mortgage and security agreement in favor of BaderCap, purporting to secure up to $14 million in obligations against real property . . . having a fair market value of

---

[2] Although Maxill Realty is not responding at this time, Loops's claim against Maxill Realty fails for the same reason.

9

approximately $2 million." Amend. Compl. at ¶ 84 (emphasis added). Accordingly, Loops's claim is too late.

Pursuant to R.C. 1336.09(A), a claim for relief with respect to a transfer or an obligation that is fraudulent under R.C. 1336.04(A)(1) is extinguished unless an action is brought "within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or reasonably could have been discovered by the claimant[.]" R.C. § 1336.09(A). Pursuant to R.C. 1336.09(B), a claim for relief with respect to a transfer or an obligation that is fraudulent under R.C. 1336.04(A)(2) or R.C. 1336.05(A) is extinguished unless an action is brought "within four years after the transfer was made or the obligation was incurred." R.C. § 1336.09(B). Loops filed its original Complaint on October 30, 2025, which is well over four years after the alleged transfer date. ECF Doc. 1; Amend. Compl. ¶ 84. Based on the foregoing, Loops filed its constructive fraudulent transfer claims outside of the four-year statute of limitations.

Further, Loops's Complaint lacks any factual allegations supporting when it discovered the transfer or when the obligation was discovered. *See Adm'r, State Medicaid Estate Recovery Program v. Miracle*, 2015-Ohio-1516, ¶ 26 (4th Dist) (upholding dismissal where "the 2005 transfer occurred more than four years before this action was filed"). Notably, Loops alleges that the obligation was incurred "on or about October 18, 2017" and that the "mortgage was executed and recorded." Amend. Compl. ¶¶ 84, 90, 93, 95. "A properly recorded deed gives constructive notice to all who claim an interest through or under the grantor by whom such deed was executed." *Treinish v. Spitaleri (In re Spitaleri)*, Bankr.N.D. Ohio Nos. Chapter 7 Proceedings, 05-94988, 2006 Bankr. LEXIS 4155, at *7 (May 9, 2006) (finding that a transfer "reasonably could have been discovered" when a deed was recorded in 1999 and, therefore, "the trustee's action is barred under

O.R.C. § 1336.09, and the defendants' motion to dismiss is granted."). Accordingly, without any factual allegations demonstrating that Loops learned of this transaction within one year of filing, and Loops's own allegation that the mortgage was recorded in 2017, giving Loops constructive notice, Loops has failed to bring its claim within the requisite statute of limitations.

## IV. CONCLUSION

The Defendants request this Court transfer the proceedings to the Western District of Washington under the doctrine of *forum non conveniens* and its authority under 28 U.S.C. § 1404(a), in the interest of justice and efficiency. A more convenient forum, in which litigation including all necessary parties and involving the same accused product and related U.S. patent to those of the subject action is already pending, exists in this case.

The Defendants further request the fraudulent transfer claim against Shaw be dismissed based on the statute of limitations.

Dated: February 19, 2026

Respectfully submitted,

*/s/ Andrew W. Alexander*
Mark W. McDougall (#0080698)
mmcdougall@calfee.com
Andrew W. Alexander (#0091167)
aalexander@calfee.com
CALFEE HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
Telephone: (216) 622-8200
Facsimile: (216) 241-0816

*One of the attorneys for Defendants Maxill Inc., a Canadian Corporation, and John Shaw, an individual*

11

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been filed electronically on February 19, 2026 with the United States District Court for the Northern District of Ohio. Notice of the filing will be sent by email to all counsel by operation of the Court's electronic filing system and all parties may access this filing through that system.

                                                /s/ *Andrew W. Alexander*_____
                                                *One of the attorneys for Defendants Maxill Inc., a Canadian Corporation, and John Shaw, an individual*