**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Loops, L.L.C., | ) | |
| | ) | Case No. 4:25-cv-02346-BYP |
| Plaintiff, | ) | |
| | ) | Judge Benita Y. Pearson |
| vs. | ) | |
| | ) | |
| Maxill Inc. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Notice Regarding Order by Bankruptcy Court Denying Stay to Non-Debtors**

Plaintiff Loops, L.L.C. hereby notifies this Court that on March 11, 2026, the U.S. Bankruptcy Court for the Northern District of Ohio entered the attached Order (Ex. A) expressly confirming that the automatic stay under 11 U.S.C. § 362 does not apply to Loops' patent infringement claims asserted in this action against Non-Debtors John Shaw, Maxill, Inc. (Canada), and BaderCap Pty Ltd.

As previously reported (*see* ECF 15), on December 9, 2025, Maxill, Inc. (Ohio) ("Maxill Ohio") and Maxill Realty, Inc. (collectively, the "Maxill Debtors") and a Maxill entity not a party to this action, Maxill Dental, Inc., commenced voluntary Chapter 11 cases in the U.S. Bankruptcy Court for the Northern District of Ohio, (Case Nos. 25-41500, 25-41501, 25-41502), which were consolidated. This triggered an automatic stay under the Bankruptcy Act with respect to the Maxill Debtors only.

On March 11, 2026, the Bankruptcy Court granted Loops' motion and entered an order declaring that the "automatic stay imposed by 11 U.S.C. § 362(a) in the above-captioned bankruptcy cases does not apply to the Patent Infringement Claims against the Non-Debtor Defendants, including John Shaw, Maxill Canada, and BaderCap, asserted in the

Ohio case." This confirms that, from the Bankruptcy Court's perspective, allowing Loops to proceed immediately with its patent infringement claims against Shaw, Maxill Canada, and BaderCap will not interfere with the bankruptcy cases. This ruling aligns with the Sixth Circuit's pronouncement that, "absent unusual circumstances the [bankruptcy] stay 'does not extend . . . to separate legal entities such as corporate affiliates, partners in debtor partnerships, or to codefendants in pending litigation.'" *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 2998, 314 (6th Cir. 2000), *quoting Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993).

In view of this ruling, and for the reasons explained more fully in Loops opposition to the pending motion to stay (ECF 18), Loops respectfully urges the Court to deny the stay sought by Shaw, Maxill Ohio, and BaderCap based on the bankruptcy filings (ECF 17).

Dated: March 13, 2026

Respectfully submitted,

David M. Kohn*
Michael T. Lane*
John M. Houkom*
Zachary S. Tedford*
LEWIS KOHN & WALKER
17085 Via Del Campo
San Diego, CA 92127
tel: 858.436.1332
dkohn@lewiskohn.com
mlane@lewiskohn.com
jhoukom@lewiskohn.com
ztedford@lewiskohn.com

* admitted *pro hac vice*

s/ Matthew J. Cavanagh
David B. Cupar (0071622)
Matthew J. Cavanagh (0079522)
MCDONALD HOPKINS LLC
600 Superior Ave., East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Counsel for Loops L.L.C.*