**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| LOOPS, L.L.C.,<br><br>Plaintiff,<br><br>v.<br><br>MAXILL INC., *et al.*,<br><br>Defendants. | Case No. 4:25-cv-02346-BYP<br><br>JUDGE BENITA Y. PEARSON |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE REGARDING ORDER BY BANKRUPTCY COURT DENYING STAY TO NON-DEBTORS**

Defendants Maxill Inc., a Canadian Corporation ("***Maxill Canada***") and John Dennie Shaw ("***Shaw***") (collectively, "***Non-Debtor Defendants***")[1] hereby submit this Response to Plaintiff's Notice Regarding Order by Bankruptcy Court Denying Stay to Non-Debtors (the "Motion").

On February 12, 2026, Loops filed a motion with the Bankruptcy Court requesting confirmation that the automatic bankruptcy stay does not apply to the patent infringement claim against the Non-Debtor Defendants. 25-41500-tnap, Doc. 83. However, the Non-Debtor Defendants did not oppose this and they currently do not dispute that the Bankruptcy Court's automatic stay does not apply to them.

Rather, this Court has inherent authority to stay the case with respect to the Non-Debtor Defendants, regardless of whether the automatic bankruptcy stay applies. The Non-Debtor

[1] The case is stayed as to Maxill, Inc., an Ohio corporation, and Maxill Realty, Inc., and Ohio corporation. Those defendants have requested an extension to respond to the Complaint up to 21 days after the stay is lifted. (ECF Doc.17, p. 1).

Defendants have requested this Court to stay the case with respect to the Non-Debtor Defendants in their motion to stay proceedings and motion to dismiss. (ECF Docs. 17, 22, 27).

The Bankruptcy Court did not weigh in on whether this Court should stay this case for judicial economy, nor should it. The court has inherent authority to manage its own docket. Staying the pending litigation until the bankruptcy case is handled would "avoid inefficient, piecemeal litigation." *Putman v. Cty. Of Tuscola*, NO. 1:23-cv-10427, 2025 U.S. Dist. LEXIS 58100, at *9 (E.D. Mich. Mar. 17, 2025). The stay would benefit all parties.

Loops is focused on an issue not relevant to the Non-Debtor Defendants' request to stay this case: whether the automatic bankruptcy stay applies to the Non-Debtor Defendants. The Non-Debtor Defendants are not arguing the automatic bankruptcy stay applies. Instead the Non-Debtor Defendants have asked for this Court to use its inherent authority to stay the case pending the bankruptcy case to avoid duplicative, inefficient, piecemeal litigation that is not in the judicial economy's best interest. Litigating the same case twice against two sets of defendants is unnecessary and duplicative.

Thus, the Non-Debtor Defendants' request the Court give Plaintiff's Notice little weight when deciding on the Non-Debtor Defendants motion to stay and motion to dismiss. (ECF Doc 17, 22, 27).

Dated: March 20, 2026

Respectfully submitted,

*/s/ Andrew W. Alexander*

Mark W. McDougall (#0080698)
mmcdougall@calfee.com
Andrew W. Alexander (#0091167)
aalexander@calfee.com
CALFEE HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street

Cleveland, OH 44114
Telephone: (216) 622-8200
Facsimile: (216) 241-0816

*One of the attorneys for Defendants Maxill Inc., a Canadian Corporation, and John Shaw, an individual.*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been filed electronically on March 20, 2026 with the United States District Court for the Northern District of Ohio. Notice of the filing will be sent by email to all counsel by operation of the Court's electronic filing system and all parties may access this filing through that system.

/s/ *Andrew W. Alexander*
*One of the attorneys for Defendants Maxill Inc., a Canadian Corporation, and John Shaw, an individual*