PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | |
|---|---|
| LOOPS LLC, a Delaware limited liability company, ) | ) CASE NO. 4:25-cv-2346 |
| Plaintiff, ) | ) |
| v. ) | ) JUDGE BENITA Y. PEARSON |
| MAXILL INC, a Canadian corporation *et al.*, ) | ) **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. ) | [Resolving ECF Nos. 17, 20, 22, 27, 38] |

This case comes before the Court on Plaintiff Loops LLC's Complaint for infringement of U.S. Patent Nos. 11,013,311 and 10,334,940 and fraudulent transfers in violation of Ohio law (ECF No. 1) against Defendants Maxill Inc., a Canadian corporation ("Maxill Canada"), Maxill Inc., an Ohio corporation ("Maxill Ohio"), Maxill Realty, Inc., an Ohio corporation ("Maxill Realty") (collectively, "Maxill Entities"), BaderCap Pty. Ltd., a foreign corporation ("BaderCap")[1] and John Dennie Shaw, the alleged founder, president, and controlling shareholder of each Maxill entity and BaderCap.  Several motions are pending before the Court.

First, Maxill Canada and Mr. Shaw filed a Motion to Stay Proceedings or Extend Time to File Responsive Pleadings, requesting the Court stay the proceedings as to all Defendants pending Maxill Ohio's and Maxill Realty's bankruptcy proceedings.  ECF No. 17.  For the

---

[1] BaderCap does not join the pending Motion to Dismiss or Transfer (ECF No. 27) and has not filed any other responsive pleadings.

(4:25CV2346)

reasons stated below, the motion to stay is denied, the motion to enlarge the time to file a responsive pleading is granted.

Next, Plaintiff filed a Motion for Judicial Notice, requesting the Court take judicial notice of certain pleadings filed before the United States District Court for the Southern District of California in Case No. 3:25-cv-01814-JLS-DDL.  ECF No. 20.  The motion is granted.

Third, Maxill Canada and Mr. Shaw filed a Motion to Dismiss, Transfer, or Stay the Complaint.  ECF No. 22.  Plaintiff subsequently filed an Amended Complaint.  ECF No. 24. Accordingly, Defendants' motion (ECF No. 22) is denied as moot.

Finally, Maxill Canada and Mr. Shaw filed a Motion to Dismiss or Transfer the Amended Complaint.  ECF No. 27.  The motion is fully briefed.  ECF No. 33; ECF No. 35.  Maxill Ohio and Maxill Realty move to join the pending motion to dismiss.  ECF No. 38.  The motion to join (ECF No. 38) is granted.  For the reasons stated herein, the Motion to Dismiss or Transfer the Amended Complaint (ECF No. 27) is denied.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Allegations[2]

Plaintiff claims ownership of two patents[3] for a "safety-first toothbrush known as Loops Flexbrush®" that is used in correctional and mental health facilities.  ECF No. 24 at PageID #: 295, ¶¶ 1–2.  The Amended Complaint advances three causes of action: (1) infringement of the

---

[2] As it must, the Court construes the allegations in the Amended Complaint as true for purposes of resolving Defendants' Motion to Dismiss under Rule 12(b)(6).

[3] U.S. Patent No. 11,013,311 ("'311 Patent") and No. 10,334,940 ("'940 Patent"). ECF No. 24 at PageID ##: 327–43, Ex. A and B.  The patented design purportedly prevents the toothbrush from being fashioned into a weapon.

2

(4:25CV2346)

'311 Patent; (2) infringement of the '940 Patent; and (3) fraudulent transfer pursuant to Ohio Rev. Code §§ 1336.01 *et seq*.  ECF No. 24.  Plaintiff alleges that all Defendants infringed on Plaintiff's patents by making, using, selling, offering to sell, or importing, without authority, the "Supermaxx" toothbrush, which purportedly copied and exploits key features disclosed in the two patents.  ECF No. 24 at PageID #: 303, ℙℙ 29–31.

Plaintiff seeks to pierce the corporate veil and hold Mr. Shaw personally liable for the Maxill Entities' trademark infringement.  ECF No. 24 at PageID #: 304, ℙ 33.  According to Plaintiff, Mr. Shaw does not observe corporate formalities among the Maxill Entities and BaderCap, such as maintaining separate books, holding meetings, or conducting arms-length transactions.  ECF No. 24 at PageID #: 305, ℙ 38.  Plaintiff alleges that the Maxill Entities are "grossly undercapitalized," that BaderCap—allegedly owned and controlled by Mr. Shaw—is a sham entity used by Mr. Shaw to "hinder, delay, and defraud creditors," and that Mr. Shaw uses Maxill Ohio to import, distribute, and sell the "accused product" in the United States to enrich himself.  ECF No. 24 at PageID ##: 303–04, ℙℙ 37–40.

The Amended Complaint further alleges that, through Maxill Realty and BaderCap, Mr. Shaw "orchestrated fraudulent conveyances and self-dealing among the Maxill Entities" to avoid paying creditors, including Plaintiff.  ECF No. 24 at PageID #: 306, ℙ 43.  For instance, the Amended Complaint alleges that in 2017, Mr. Shaw "created a fraudulent security interest granting BaderCap a $14 million mortgage" for a warehouse purchased by Maxill Realty for $2.16 million in 2014.  ECF No. 24 at PageID #: 306, ℙ 44.  In addition, Mr. Shaw purportedly emptied Maxill Ohio's bank accounts to avoid paying an arbitration award to a former employee. ECF No. 24 at PageID #: 306, ℙ 46.

3

(4:25CV2346)

Then, in August 2020, Mr. Shaw executed three agreements between the Maxill Entities: (1) an $8.22 million loan from Maxill Canada to Maxill Ohio, with any judgment exceeding $50,000 triggering default and acceleration; (2) a security agreement granting Maxill Canada a security interest in Maxill Ohio's assets to secure the $8.22 million loan; and (3) a license agreement that licensed Maxill Canada's intellectual property to Maxill Ohio for an upfront royalty of $8.22 million.  ECF No. 24 at PageID #: 306, ¶ 45.  In June 2025, Mr. Shaw transferred Maxill Ohio's assets to another company, Maxill Dental, leaving it an "empty shell with no assets" and then filed for Chapter 11 bankruptcy (discussed below) on behalf of Maxill Ohio, Maxill Realty, and Maxill Dental.  ECF No. 24 at PageID #: 307, ¶¶ 48–49.

Plaintiff seeks damages for each patent infringement of at least $2.7 million, monetary damages relating to Defendants' allegedly fraudulent transfers, and punitive or exemplary damages to further deter fraudulent and malicious conduct.  ECF No. 24 at PageID ##: 321–23.

### B.  Procedural History

#### 1.  Litigation History

Plaintiff and Defendants have been litigating disputes concerning numerous patents for the Loops Flexbrush® and Supermaxx toothbrush dating back to 2012.  ECF No. 33 at PageID ##: 411–12.  Loops first filed an infringement action in Canada against Maxill Canada in 2012 concerning its Canadian Patent No. 2,577,109.  The parties settled the case.  Plaintiff filed a second action against Maxill Canada in 2015, alleging it breached the settlement agreement. That case is pending.

In September 2017, Plaintiff brought another infringement claim against Maxill Canada in the U.S. District Court for the District of Utah (No. 1:17-cv-00123-DN) concerning Plaintiff's 2013 U.S. Patent No. 8,448,285 ("'285 Patent"), which covered various design elements of

4

(4:25CV2346)

Loops' flexible toothbrush product. *See Loops v. Bob Barker Company*, No. 1:17-cv-00123-DN, ECF No. 2 (D. Utah July 20, 2017).

In December 2017, Maxill Ohio filed a declaratory judgment action against Plaintiff in the Western District of Washington (No. 2:17-cv-01825-TSZ), requesting a declaration of invalidity and non-infringement regarding the '285 Patent. *Maxill, Inc. v. Loops LLC*, No. 2:17-cv-01825-TSZ, ECF No. 1 (W.D. Wash. Dec. 5, 2017). Plaintiff filed an infringement counterclaim against Maxill Ohio. *Id*. at ECF No. 10. Plaintiff and Maxill Canada agreed to transfer the Utah action to the Western District of Washington and consolidate the cases. *Loops v. Bob Barker Company*, No. 1:17-cv-00123-DN, ECF No. 72 (D. Utah July 5, 2018).

In August 2019, Plaintiff moved the district court for leave to amend its counterclaim to include infringement claims concerning the '940 Patent (which is at issue in this case). The court denied the motion, suggesting that Loops file a separate action regarding any infringement claims relating to the '940 Patent. *Maxill, Inc. v. Loops LLC*, No. 2:17-cv-01825-TSZ, ECF No. 80 (W.D. Wash. Aug. 19, 2019). Then, in November 2019, the district court *sua sponte* granted summary judgment in the Maxill Entities' favor. *Maxill Inc. v. Loops, LLC*, No. C17-1825 (consolidated with C18-1026), 2019 WL 6341292 (W.D. Wash. Nov. 27, 2019). Plaintiff appealed to the Federal Circuit, which reversed and remanded the case. *Maxill, Inc. v. Loops LLC*, 838 F. App'x 534, 538 (Fed. Cir. 2020). On remand, the district court stayed the proceedings pending the outcome of Plaintiff's Canadian case against Maxill Canada for breaching the initial settlement agreement. The case has been stayed since March 2021. *Maxill, Inc. v. Loops LLC*, No. 2:17-cv-01825-TSZ, ECF No. 167 (W.D. Wash. Mar. 10, 2021).

(4:25CV2346)

>   2. *California Litigation*

The United States Patent and Trademark Office issued the two patents at issue in this case: the '940 Patent (issued on July 2, 2019) and the '311 Patent (issued on May 25, 2021). ECF No. 24-1.  On July 16, 2025, Loops filed an infringement action against Defendants, containing substantially similar allegations to the present action, in the United States District Court for the Southern District of California.  ECF No. 20-1.  Plaintiff moves the Court to take judicial notice of the docket and pleadings in that case.  ECF No. 20.

Pursuant to Rule 201 of the Federal Rules of Evidence, a court may, on motion from a party or on its own, "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  "[I]n general[,] a court may only take judicial notice of a public record whose existence or contents prove facts whose accuracy cannot reasonably be questioned." *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005).  Here, there is no question that Plaintiff filed an infringement action against Defendants in the Southern District of California and that the pleadings exist.  The veracity of the pleadings' contents, however, is debatable.  Therefore, the motion (ECF No. 20) is granted only to the extent that the docket and pleadings exists.

In response to Plaintiff's California action, Defendants moved to Dismiss, Transfer, or Stay the proceedings, and included an affidavit from Mr. Shaw.  ECF No. 20-4.  In his affidavit, Mr. Shaw averred that he is the President of Maxill Canada and Maxill Ohio (ECF No. 20-4 at PageID ##: 193, 195, ¶¶ 9, 25).  He also averred that "[t]he only business that Maxill Canada conducts with residents of the United States of America is through its exportation of products to the U.S. corporation, Maxill [Ohio]."  ECF No. 20-4 at PageID #: 195, ¶ 23.

6

(4:25CV2346)

Based on Mr. Shaw's averments, Plaintiff voluntarily dismissed the California action under Fed. R. Civ. P. 41(a) and then filed the present action in the Northern District of Ohio. ECF No. 1.  Defendants again moved to Dismiss, Transfer or Stay the proceedings.  ECF No. 22. Plaintiff amended the complaint (ECF No. 24), mooting Defendants' Motion to Dismiss, Transfer or Stay (ECF No. 22).  Accordingly, ECF No. 22 is denied.  Maxill Canada and Mr. Shaw filed a Motion to Dismiss or Transfer the Amended Complaint.  ECF No. 27.  The motion is fully briefed.  ECF No. 33; ECF No. 35.  Maxill Ohio and Maxill Realty move to join the pending motion to dismiss.  ECF No. 38.  The motion to join (ECF No. 38) is granted.

3.  *Bankruptcy Proceedings*

In December 2025, Maxill Ohio and Maxill Realty filed Voluntary Chapter 11 Petitions in the United States Bankruptcy Court for the Northern District of Ohio, triggering an automatic stay of proceedings pursuant to 11 U.S.C. § 362.  ECF No. 15.  Subsequently, Maxill Canada and Mr. Shaw filed a Motion to Stay Proceedings or Extend Time to File Responsive Pleadings, requesting the Court stay the proceedings as to all Defendants pending the bankruptcy proceedings.  ECF No. 17.  On May 1, 2026, the bankruptcy court dismissed Maxill Ohio and Maxill Realty's petitions.  ECF No. 36.  Accordingly, ECF No. 17 is denied in part and granted in part.  Defendants' motion to stay this case as to all Defendants pending the bankruptcy proceedings is denied as moot.  Defendant's motion for enlargement of time to file responsive pleadings is granted.

(4:25CV2346)

## II.      DISCUSSION

### A.  Entry of Default as to BaderCap

Plaintiff filed the Complaint on October 30, 2025.  ECF No. 1.  Service on BaderCap was completed December 1, 2025.[4]  ECF No. 12.  Since service was completed, BaderCap has failed to plead or otherwise respond.  On or before June 30, 2026, Plaintiff shall file with the Clerk of Court an appropriate application for entry of default under Fed. R. Civ. P. 55(a) or show cause why this action should not be dismissed as to BaderCap for want of prosecution.

### B.  Motion to Transfer

#### 1.  Forum non conveniens

Defendants move the Court to dismiss or transfer this case to the Western District of Washington under the doctrine of *forum non conveniens*.  ECF No. 27.  Defendants argue that the Western District of Washington is a more convenient venue because Plaintiff is "at home" in Washington and there is already pending litigation concerning the '285 Patent, which is related to the '940 Patent and '311 Patent at issue in this case.  ECF No. 27 at PageID ##: 378–81.  Plaintiff retorts that *forum non conveniens* only applies when the alternative forum is in a foreign, state, or territorial venue.  ECF No. 33 at PageID #: 416.  Plaintiff has the better argument.

*Forum non conveniens* is a common-law doctrine that permits a district court to decline to exercise its jurisdiction, even if jurisdiction and venue are proper, if a more convenient venue exists. *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 492 (6th Cir. 2016) (citing *Rustal*

---

[4] Service was left with a woman, Chris Shaw, who identified herself as Mr. Shaw's wife, and confirmed that she had authority to accept service on behalf of BaderCap.  ECF No. 12.

8

(4:25CV2346)

*Trading US, Inc. v. Makki*, 17 F. App'x 331, 335 (6th Cir. 2001)); *VCST Int'l B.V. v. BorgWarner Noblesville, LLC*, 142 F.4th 393, 400 (6th Cir. 2025) (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007)).  The Supreme Court explained that the *forum non conveniens* doctrine only applies in "cases whe[n] the alternative forum is abroad . . . and perhaps in rare instances whe[n] a state or territorial court serves litigational convenience best."  *Sinochem, 549 U.S. at 430*.  It further explained that "[f]or the federal court system, Congress has codified the doctrine and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action."  *Id*. (citing 28 U.S.C. § 1404(a)); *accord Jones v. IPX Int'l Equatorial Guinea, S.A.*, 920 F.3d 1085, 1090 (6th Cir. 2019) (recognizing that *forum non conveniens* was largely replaced by statute and "generally applies when the alternative forum is in a foreign country, rather than in a different district within the federal system.").

Because Defendants seek transfer to another federal district court, rather than to a foreign jurisdiction or state court, the *forum non conveniens* doctrine is inapplicable.  Indeed, Defendants appear to have abandoned this argument in their reply brief.  *See* ECF No. 35.  Therefore, Defendants' motion to transfer the case under the *forum non conveniens* doctrine is denied.

   *2.  Transfer pursuant to 28 U.S.C. § 1404(a)*

Defendants also move the Court to transfer the case under 28 U.S.C. § 1404(a).[5]  ECF No. 27 at PageID #: 378; ECF No. 35 at PageID ##: 518–22.  Plaintiff opposes.  ECF No. 33 at PageID ##: 418–22.

---

[5] The Court notes that Defendants' Motion lacks analysis concerning transfer pursuant to § 1404(a).  *See generally* ECF No. 27.  Defendants' § 1404(a) arguments were raised for the first time in their reply brief.  ECF No. 35.  Although the Court need not entertain arguments raised for the first time in a reply brief, *see Stanalajczo v. Perry*, 174

(4:25CV2346)

Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brough or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  District courts have broad discretion to determine whether transfer to another district is appropriate.  *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009).  "[T]he threshold consideration is whether the action might have been brought in the transferee district." *First Fin. Bank v. Knapschaefer*, 697 F. Supp. 3d 733, 736 (N.D. Ohio 2023) (Knepp II, J.) (internal citations and quotations omitted).  If satisfied, the Court must then consider whether transferring the case "would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'"  *Id.* (quoting *Alt. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013)).

Plaintiff insists that Defendants fail at the first step, arguing that this action could not have been brought in the Western District of Washington in the first instance because that court lacks personal jurisdiction over all Defendants.  ECF No. 33 at PageID #: 418.  The Amended Complaint alleges that none of the Defendants are "at home" in Washington.  Specifically, BaderCap, Maxill Canada, and Mr. Shaw are foreign citizens, while Maxill Ohio and Maxill Realty are Ohio citizens.  ECF No. 24 at PageID ##: 297–98, ¶¶ 7–10.  Defendants also lack sufficient contacts to establish personal jurisdiction or venue in the Western District of Washington.  Mr. Shaw averred in the California litigation (ECF No. 20-4 at PageID #: 195, ¶¶ 23–24) that the operative facts giving rise to Plaintiff's infringement claims occurred not in

F.4th 968, 977 (6th Cir. 2026) ("issues raised for the first time in a reply brief are waived"), the Court nevertheless engages in the § 1404(a) analysis.

10

(4:25CV2346)

Washington but in Ohio *vis-a-vis* Maxill Canada shipping and distributing the "accused product" through Maxill Ohio's warehouse in Cortland, Ohio.  ECF No. 33 at PageID #: 419.  There is no indication in the Amended Complaint that any actions giving rise to Plaintiff's infringement claims occurred in Washington.

Defendants do not seriously dispute that the transferee court lacks personal jurisdiction or that the Western District of Washington is an improper venue.  *See* ECF No. 35 at PageID #: 519–20.  Rather, Defendants argue that all parties, aside from BaderCap (which has yet to appear or file a responsive pleading), consented to the transferee court's jurisdiction.[6]  ECF No. 35 at PageID #: 519.  Specifically, Defendants indicate that they consent to the Western District of Washington's jurisdiction and that Plaintiff implicitly consented to the transferee court's jurisdiction when it attempted to amend its counterclaim in 2019 to include its '940 Patent infringement claims.  ECF No. 35 at PageID #: 519.  The only case on which Defendants rely to support their "implicit consent" argument is *In re SK hynix Inc.*, 847 F. App'x 847 (Fed. Cir. 2021).  ECF No. 35 at PageID #: 520.  In that case, the Federal Circuit rejected the argument that by filing a prior patent infringement action in one district, a party "automatically consented to venue in that district for any following suits involving different patents."  *SK hynix Inc.*, 847 F. App'x at 851.  Defendants insist that case is instructive by distinction, claiming that unlike in *SK hynix Inc.*, Plaintiff attempted to assert infringement claims in 2019 concerning the same '940

---

[6] Plaintiff's opposition to Defendants' consent argument it too narrow.  Plaintiff focuses on the Supreme Court's holding in *Hoffman v. Blaski*, which held that the text of § 1404(a) "where [the case] might have been brought" cannot be interpreted to mean "where it may now be rebrought, with defendants' consent."  363 U.S. 335, 342–43 (1960).  After *Hoffman*, however, Congress amended § 1404(a) to include the language: "or to which all parties have consented."  28 U.S.C. § 1404(a).  It is on this basis that Defendants claim transfer is appropriate.  ECF No. 35 at PageID ##: 519–20.

(4:25CV2346)

Patent at issue in the present action.  ECF No. 35 at PageID #: 520.  Therefore, Defendants

argue, Plaintiff implicitly consented to have its '940 Patent infringement claims litigated in the

Western District of Washington.

The Court is unconvinced.  Although Plaintiff *attempted* to amend its counterclaim

against Maxill Ohio in the pending Washington action to include infringement claims concerning

the '940 Patent, that amendment never came to fruition.  Neither did Plaintiff file a separate

action as suggested by the district court in that case.  *See Maxill, Inc. v. Loops LLC*, No. 2:17-cv-

01825-TSZ, ECF No. 80 (W.D. Wash. Aug. 19, 2019).  The present action alleges claims against

additional defendants—Mr. Shaw, Maxill Realty, and BaderCap—which presumably engaged in

different conduct than originally conceptualized by the proposed counterclaim amendment in

2019.  In addition, the present action includes an infringement claim concerning the '311 Patent,

which was not asserted (or attempted to be asserted) in the Washington action.  Thus, the holding

in *SK hynix Inc.* cuts against Defendants.

Even if all the parties had consented to the transferee court's jurisdiction and venue, the

Court must still consider whether transferring the case "would serve 'the convenience of the

parties and witnesses' and otherwise promote 'the interest of justice.'"  *First Fin. Bank*, 697 F.

Supp. 3d at 736.  Both the Supreme Court and Sixth Circuit instruct district courts to consider

several, case-specific factors including: (1) the convenience of the parties and witnesses;  (2)

access to evidence; (3) the availability of process to make reluctant witnesses testify; (4) the

costs of obtaining willing witnesses; (5) the practical problems of trying the case expeditiously

and inexpensively; and (6) the interests of justice.  *Bbc Ice Cream, LLC v. Spreadshirt, Inc.*, No.

1:25-cv-01055, 2026 WL 878806, at *10 (N.D. Ohio Mar. 31, 2026) (Brennan, J.) (citing *Means

v. United States Conf. of Cath. Bishops*, 836 F.3d 643, 651–52 (6th Cir. 2016)); *see Stewart Org.,*

(4:25CV2346)

*Inc. v. Ricoh Corp.*, 487 U.S. 22, 29–30 (1988) ("A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors.").  It is the movant's burden to demonstrate "the factors weigh 'strongly' in favor of transfer."  *First Fin. Bank*, 697 F. Supp. 3d at 737 (internal citations omitted); *see Means*, 836 F.3d at 652 n.7 (recognizing that the district court correctly placed the burden on the defendants to show transfer was appropriate).

On balance, the factors in this case weigh in Plaintiff's favor and against transfer to the Western District of Washington.  To be sure, the Supreme Court noted in *Sinochem* that "[w]hen the plaintiff's choice is not its home forum . . . the presumption in the plaintiff's favor 'applies with less force[.]'"  *Sinochem, 549 U.S. at 430*.  But that does not mean Plaintiff's choice receives no weight.  Here, Plaintiff chose to litigate in Ohio where significant operative facts giving rise to Plaintiff's claims occurred.  Not only does Mr. Shaw own and control each of the Maxill Entities, but Mr. Shaw and Maxill Canada allegedly ship, distribute, and sell the accused product through Maxill Ohio's warehouse in Cortland, Ohio.  In addition, the alleged fraudulent conveyances occurred in Ohio and are violative of Ohio law.  Defendants have not demonstrated that it would be inconvenient to access or make available any witnesses to and evidence of such operations and transactions, at least some of which are likely located in Ohio.

Furthermore, Defendants have not demonstrated that it would be more practical to try this case in the Western District of Washington.  Although Defendants claim there is a risk of duplicate litigation efforts and conflicting results, this case involves different—albeit related— patents against new defendants than the pending litigation in the Western District of Washington. That the Western District of Washington considered and denied Plaintiff's attempt to include '940 Patent infringement claim in that pending litigation is not inconsequential and cuts against

13

(4:25CV2346)

Defendants' duplication and consistency concerns.  Thus, Defendants have not met their burden to show transfer would be more practical than trying this case in Ohio.

Finally, the Court concludes that the interests of justice would not be served by transferring the case, given the long history of litigation concerning Plaintiff's patents.  That the Washington action has been stayed for five years pending the outcome of the Canadian litigation, which in turn has been pending for over a decade, only underscores the Court's conclusion.  Accordingly, Defendants' motion to transfer this action to the Western District of Washington is denied.

### C.  Motion to Dismiss

#### 1.  Standard of Review

When resolving a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe them in a light most favorable to Plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  The Court need not accept as true any legal conclusions alleged in the Complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, Plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678 (citations omitted).  The complaint should contain sufficient facts "to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has

14

(4:25CV2346)

not 'show[n]'—'that the pleader is entitled to relief.'"  *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

> 2.  *Law and Analysis*

Defendants argue that Plaintiff's fraudulent transfer claim (Count 3) should be dismissed because the statute of limitations for such claims has passed.  ECF No. 27 at PageID #: 381. Plaintiff first retorts that the fraudulent transfer claims concerning the 2017 mortgage and security agreement fall within the one-year discovery rule or, in the alternative, there is a question of fact as to whether the one-year discovery rule applies.  As to the 2024 promissory note, Plaintiff asserts that occurred well within the four-year statute of limitations.  ECF No. 33 at PageID ##: 424–26.

Under Fed. R. Civ. P. 8(c), the statute of limitations is an affirmative defense.  *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).  As such, a motion to dismiss under Rule 12(b)(6) is "generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations."  *Cataldo*, 676 F.3d at 547; *see Shelton v. Cuyahoga Metro. Housing Auth.*, No. 24-3933, 2026 WL 103234, at *3 (6th Cir. Jan. 14. 2026) (recognizing the same principle applies to a Rule 12(c) motion).  Dismissal is only appropriate if the complaint affirmatively shows that the claim is time-barred.  *Cataldo*, 676 F.3d at 547; *see Reguli v. Russ*, 109 F.4th 874, 879 (6th Cir. 2024) ("[P]laintiffs can plead themselves out of court on statute-of-limitations grounds if the complaint alleges facts showing that they did not sue in time.").  That is not the case here.

Under Ohio law, any claim for relief from a fraudulent transfer as defined in Ohio Rev. Code § 1336.04(A)(1)[7] (actual fraudulent transfer) must be brought "within four years after the

---

[7] Ohio Rev. Code § 1336.04(A)(1) states: "A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor . . . if the debtor made the transfer or

15

(4:25CV2346)

transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or reasonably could have been discovered by the claimant[.]" Ohio Rev. Code § 1336.09(A). Claims arising under § 1336.04(A)(2)[8] or § 1336.05(A)[9] (*i.e.*, constructive fraudulent transfer claims) must be brought within four years after the transfer was made. Ohio Rev. Code § 1336.09(B).

As an initial matter, the Court agrees with Plaintiff that its fraudulent transfer claims concerning the 2024 bank transfer, promissory note, and security agreement between Maxill Canada and BaderCap, ECF No. 24 at PageID ##: 306–07, ¶¶ 46–47, fall within the four-year statute of limitations.[10] Accordingly, Defendants' Motion to Dismiss as to Plaintiff's fraudulent transfer claim concerning those transactions is denied.

Next, the Amended Complaint alleges that Defendants' 2017 mortgage and security agreements constitute actual fraudulent transfers under § 1336.04(A)(1) or, in the alternative,

---

incurred the obligation . . . [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor[.]"

[8] Ohio Rev. Code § 1336.04(A)(2) states: "A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor . . . if the debtor made the transfer or incurred the obligation . . . Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and if either of the following applies: (a) The debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; [or] (b) The debtor intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due."

[9] Ohio Rev. Code § 1336.05(A) states: "A transfer made or an obligation incurred by a debtor is fraudulent . . . if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation."

[10] Although Plaintiff claims that Maxill Canada failed to joint the motion to dismiss the fraudulent transfer claims, Count 3 is only alleged against Mr. Shaw, Maxill Realty, and BaderCap. ECF No. 24 at PageID #: 313.

16

(4:25CV2346)

constructive fraudulent transfers under § 1336.04(A)(2) or § 1336.05.  ECF No. 24 at PageID #: 319–20, ℙ 90–91.  The distinction matters for purposes of determining whether the statute of limitations has run because only actual fraudulent transfers under § 1336.04(A)(1) are subject to the one-year discovery rule.  *See* Ohio Rev. Code § 1336.09(A)–(B).  At this stage of the proceedings, Plaintiff has pled enough facts, taken as true, that Defendants engaged in actual fraudulent transfers such that the discovery rule applies.  Whether Defendants indeed engaged in an actual or constructive fraudulent transfer such that the statute of limitations has expired is a question of fact not appropriate for dismissal at this stage of the proceedings.

Defendants argue that even if the discovery rule applies, Count 3 is still outside the one-year statute of limitations because the 2017 mortgage was executed and recorded, giving Plaintiff constructive notice of the transfer.  ECF No. 27 at PageID ##: 382–83.  Defendants rely on *In re Spitaleri*, No. 05-94988, 2006 WL 4458357, at *2–3 (Bankr. N.D. Ohio May 9, 2006) to support their position that Count 3 is outside the statute of limitations.  ECF No. 27 at PageID #: 382–83.  As Plaintiff correctly points out in its opposition brief, ECF No. 33 at PageID #: 425, that case was discussed and abrogated by *In re Fair Finance Company*, 834 F.3d 651, 671–72 (6th Cir. 2016).[11]  In *Fair Finance Company*, the Sixth Circuit held that "if the Ohio Supreme Court were presented with this issue, it would conclude that the discovery rule starts to run, and a claim accrues, for purposes of § 1336.09(A) when the plaintiff reasonably could have discovered the transfer's fraudulent nature."  *Id*. at 672.  At least one Ohio appellate court has adopted the Sixth Circuit's interpretation.  *See Estate of Cruz v. Peffley*, 218 N.E.3d 1021, 1038–39 (Ohio Ct. App.

---

[11] Both parties are admonished and reminded of their obligations under Fed. R. Civ. P. 11 regarding representations made to the Court.

(4:25CV2346)

2023).  Thus, the one-year statute of limitation began to run when Plaintiff knew or reasonably could have known about both the transfers *and* their fraudulent nature.

Again, when Plaintiff knew or reasonably could have known that the 2017 mortgage and security agreement were fraudulent is a question of fact not appropriate for dismissal.  It is sufficient at this stage of the proceedings that Plaintiff alleged that it could not have reasonably discovered the fraudulent nature of the 2017 mortgage and security agreement.  ECF No. 24 at PageID #: 321, ⁋ 97.  Accordingly, Defendants' motion to dismiss Count 3 is denied.

### III.    CONCLUSION

For the reasons stated herein, the Court hereby Orders the following:

1.      On or before June 30, 2026, Plaintiff shall file with the Clerk of Court an appropriate application for entry of default under Fed. R. Civ. P. 55(a) or show cause why this action should not be dismissed as to BaderCap for want of prosecution.

2.      Defendants' Motion to Stay Proceedings or Extend Time to File Responsive Pleadings (ECF No. 17) is denied in part and granted in part.  The motion to stay pending Maxill Ohio's and Maxill Realty's bankruptcy case is denied as moot.  The motion to enlarge the time to file a responsive pleading is granted.

3.      Plaintiff's Motion to Take Judicial Notice of certain pleadings filed before the United States District Court for the Southern District of California, Case No. 3:25-cv-01814-JLS-DDL (ECF No. 20) is granted.

4.      Defendants' Motion to Dismiss, Transfer, or Stay Complaint (ECF No. 22) is denied as moot.

5.      Maxill Ohio and Maxill Realty's Motion to Joint the Motion to Dismiss or Transfer Amended Complaint (ECF No. 38) is granted.

18

(4:25CV2346)

6.      Defendants Motion to Dismiss or Transfer (ECF No. 27) is denied.

A Case Management Conference Order shall separately issue.


IT IS SO ORDERED.


June 17, 2026                                                      /s/ Benita Y. Pearson
Date                                                              Benita Y. Pearson
                                                                 United States District Judge

19