**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Loops, L.L.C., | ) | |
| | ) | Case No. 4:25-cv-02346-BYP |
| Plaintiff, | ) | |
| | ) | Judge Benita Y. Pearson |
| vs. | ) | |
| | ) | |
| Maxill Inc., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Plaintiff Loops, L.L.C.'S Response to Order To Show Cause**

Plaintiff Loops, LLC ("Loops") hereby responds to the Court's June 16, 2026 Order (ECF 42) ("Order to Show Cause") directing Loops to show cause as to why this action should not be dismissed as to Defendant BaderCap Pty Ltd. ("BaderCap") for want of prosecution.

Loops respectfully requests that the Court discharge the Order to Show Cause, decline to dismiss BaderCap, and permit Loops to conduct limited discovery concerning BaderCap's identity, ownership, operations, and relationship to Defendant John Dennie Shaw ("Shaw") before requiring Loops to seek entry of default. This discovery from Shaw should shed light on what BaderCap actually is, where it is located, what contact information is available, and ultimately how to perfect service upon BaderCap if, as defendant Shaw contends, BaderCap's St. Thomas address is not correct.

**Statement of Facts**

**I. Service Upon BaderCap**

Loops sued BaderCap for patent infringement and for its involvement in three alleged fraudulent transfers initiated by Shaw as the recipient of those assets. (*See* Am. Compl., ECF 24.)

Loops successfully served BaderCap with the original complaint at 41642 Fulton Bridge Line, RR5, St. Thomas, Ontario, Canada ("St. Thomas Address"). (ECF 12.) Service was perfected when Chris Shaw—who identified herself as Shaw's wife— answered the door and confirmed to the process server that she was authorized to accept service on behalf of BaderCap. (*Id.*) Loops filed a proof of service of BaderCap on December 1, 2025. (*Id.*) BaderCap has never appeared or otherwise responded to the complaint, and thus defaulted. Shaw, as an individual defendant, also was served with the original complaint at the same time as BaderCap at the St. Thomas address. (ECF 13.)

After Loops filed its First Amended Complaint ("FAC") on February 5, 2026 (ECF 24), Loops obtained a new summons (ECF 30, 31) and attempted several times to serve BaderCap with the amended pleading at the same St. Thomas address at which the original complaint was served. After repeated trips with no one answering the door, the process server left his contact information. Later, an individual identifying himself as "John" called the process server and claimed that he had no knowledge of, or association with, BaderCap. (*See* April 1, 2026 Affidavit, att'd as Ex. A.)

## II. Questions Concerning BaderCap

Loops alleges that BaderCap is closely intertwined with Shaw and the other defendants named in the FAC (collectively with Shaw, the "Maxill Defendants") and was involved in at least three of the fraudulent transfer transactions challenged in the FAC (*See, e.g.*, ECF 24 ¶¶ 40, 43-44, 54.)

Shaw's claim that he had no knowledge of, or association with, BaderCap, does not reconcile with the undisputed fact that Shaw, in 2017 and on behalf of Maxill Realty, granted a $14 million mortgage and security interest in favor of BaderCap. That mortgage document, signed

by Shaw, identifies BaderCap's address as the very same St. Thomas Address at which Mrs. Shaw originally accepted service on behalf of BaderCap and where the Shaws reside:

> OPEN-END MORTGAGE AND SECURITY AGREEMENT
> (Maximum Principal Amount $14,000,000.00)
>
> A. THIS OPEN-END MORTGAGE AND SECURITY AGREEMENT (as the same may from time to time hereafter be modified, supplemented or amended, this "Mortgage") is made as of October 6th 2017, by and between Maxill Realty, Inc. an Ohio Corporation, having its principal place of business and post office address at 181 North Mecca Street, Cortland, Ohio 44410, as "Borrower" ("Borrower" to be construed as "Borrowers" if the context so requires), and BaderCap Pty Ltd, having a principal place of business and post office address 41642 Fulton Bridge Line, RR5, St. Thomas, Ont. Canada N5P 3S9 as "Lender".

(*See* Mortgage, att'd as Ex. B.)

Shaw must know more specifics about BaderCap, and thus Loops seeks written and deposition discovery from Shaw that should shed light on how BaderCap can be served with the new summons and amended complaint.

## <u>Law and Argument</u>

### I. Good Cause Exists Not to Dismiss BaderCap and to Defer Entry of Default

Loops has not abandoned its claims against BaderCap. To the contrary, Loops timely served BaderCap with the original complaint, attempted to personally serve BaderCap with the FAC at the same address, investigated BaderCap's relationship to Shaw, and continues to actively prosecute its claims against BaderCap. These efforts demonstrate that dismissal or immediate entry of default is unwarranted. Rather, Loops should be permitted to conduct limited discovery,

including written discovery and a limited deposition of Shaw,[1] to aid in perfecting service of BaderCap.

As discussed above, Shaw's denial of any knowledge of, or association with, BaderCap does not reconcile with BaderCap's identification of Shaw's residence as its principal place of business on a document signed by Shaw, nor the prior acceptance of service on BaderCap's behalf at that same address.

In addition, since entry of the Court's Order to Show Cause, Loops and the other Defendants have met and conferred regarding the claims that will remain in this action, including the potential dismissal of certain claims and retention of others, and have agreed to continue those discussions before the deadline to file the Joint Rule 26(f) Planning Report. The precise nature and scope of the claims Loops ultimately pursues against BaderCap may be affected by the outcome of these ongoing discussions.

## Conclusion

For the foregoing reasons, Loops respectfully requests that the Court discharge its Order to Show Cause, decline to dismiss BaderCap for want of prosecution, permit Loops to conduct limited discovery concerning BaderCap before requiring Loops to seek entry of default, and direct Loops to file a status report within 60 days advising of the progress of perfecting service upon and seeking default against BaderCap.

[1] The deposition of Shaw that Loops seeks leave to take would be limited solely to BaderCap and information that Shaw may have about that entity and how Loops can perfect service upon it. This deposition so limited would not restrict Loops' right to take Shaw's full deposition later in discovery on the merits of the case.

Dated: July 13, 2026

Respectfully submitted,

*s/David B. Cupar*
David B. Cupar (0071622)
Matthew J. Cavanagh (0079522)
Benjamin Foote-Huth (0104192)
McDONALD HOPKINS
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins
bfootehuth@mcdonaldhopkins.com

David M. Kohn (*pro hac vice*)
Michael T. Lane (*pro hac vice*)
John M. Houkom (*pro hac vice*)
Zachary S. Tedford (*pro hac vice*)
LEWIS KOHN & WALKER, LLP
17085 Via Del Campo San
Diego, CA 92127
Telephone: (858) 436-1332
dkohn@lewiskohn.com
mlane@lewiskohn.com
jhoukom@lewiskohn.com
ztedford@lewiskohn.com

*Attorneys for Plaintiff Loops L.L.C.*