PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LOOPS, LLC, a Delaware limited liability company, | ) | CASE NO. 4:25-cv-2346 |
| Plaintiff, | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| MAXILL INC., a Canadian corporation, *et al.*, | ) | **ORDER** |
| Defendants. | ) | |

On June 17, 2026, the Court Ordered Plaintiff Loops, LLC to file the appropriate application for entry of default under Fed. R. Civ. P. 55(a) as to Defendant BaderCap Pty. Ltd. ("BaderCap"), which was served and has failed to answer or defend this case, or else show cause why the action should not be dismissed as to that entity for want of prosecution. ECF No. 42.

Plaintiff responded, asserting that it is actively prosecuting its claims against BaderCap and that additional discovery as to BaderCap's identity, ownership, operations, and relationship with Defendant John Dennie Shaw is necessary before proceeding with default. ECF No. 45. The Court does not agree with Defendants that limited discovery concerning Mr. Shaw's connection with BaderCap would be duplicative or burdensome. ECF No. 46. Neither is the Court convinced that such discovery amounts to harassment of Mr. Shaw. Plaintiff identified evidence that, in addition to the open-ended mortgage at issue in this case, BaderCap and Mr. Shaw share an address, supporting its contention that Mr. Shaw owns and controls BaderCap such that service on him is sufficient. *See* ECF No. 45-2.

Accordingly, Plaintiff is permitted to conduct limited discovery concerning the identity of BaderCap's owners, operations, relationship with Mr. Shaw, and how Plaintiff may perfect service on that entity. Discovery shall commence immediately and persist for 60 days from the date of this Order. Written discovery shall consist of no more than 10 interrogatories, 10 requests for production, and 10 requests for admission. Plaintiff is permitted to conduct a limited deposition of Mr. Shaw relating only to information he may have about BaderCap and his relationship with that entity, as well as how Plaintiff may perfect service on that entity. *See* *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) (citing *Ghandi v. Police Dep't of Detroit*, 747 F.2d 338, 354 (6th Cir. 1984)) ("The scope of discovery is, of course, within the broad discretion of the trial court."). Plaintiff shall file a status report by September 30, 2026, informing the Court regarding its progress of perfecting service on and seeking default against BaderCap.

The parties are reminded of their obligations under the Federal Rules of Civil Procedure, the Northern District of Ohio Local Rules, and the Court's Case Management Scheduling Order.

IT IS SO ORDERED.

July 30, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge