**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Loops, L.L.C., | ) | |
| | ) | Case No. 4:25-cv-02346-BYP |
| Plaintiff, | ) | |
| | ) | Judge Benita Y. Pearson |
| vs. | ) | |
| | ) | Report of Parties' Planning Meeting Under |
| Maxill Inc., *et al.*, | ) | Fed. R. Civ. P. 26(f), LR16.3(b)(3), and LPR |
| | ) | 2.1 |
| Defendants. | ) | |

1. Pursuant to Fed. R. Civ. P. 26(f), LR 16.3(b)(3) and LPR 2.1, a meeting was held on July 7, 2026, via video conference and was attended by:

David Cupar, Matthew Cavanagh, Zachary Tedford counsel for plaintiff(s) Loops, L.L.C.

Mark McDougall, Andrew Alexander counsel for defendant(s) Maxill Inc., Maxill, Inc., Maxill Realty, Inc., John Dennie Shaw

2. The parties **do not** consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

3. **Scheduling**

**a. Proposed Schedule:**

| Event | Rule | Due Date |
|---|---|---|
| Defendant to serve invalidity and unenforceability contentions and accompanying document production | [LPR 3.5, 3.6, 3.8][1] (60 days after CMC) | October 9, 2026 |
| Plaintiff to serve validity and enforceability contentions | [LPR 3.7] (20 days later) | October 29, 2026 |
| Parties exchange list of proposed terms for construction | [LPR 4.1(a)] (95 days after CMC) | November 13, 2026 |
| Parties to serve final list of terms for construction | [LPR 4.1(c)] (115 days after CMC) | December 3, 2026 |
| Parties exchange preliminary proposed constructions | [LPR 4.2(a)] (15 days later) | December 18, 2026 |

[1] Plaintiff has agreed to dismiss, with prejudice, Plaintiff's patent infringement claims. Following the dismissal of Plaintiff's patent infringement claims, with prejudice, Defendant will dismiss its two non-infringement declaratory judgment claims. Following those dismissals by Plaintiff and Defendants, only Plaintiff's fraudulent transfer claim and Defendant's invalidity, unenforceability, and exceptional case claims will remain for adjudication in this action.

| | | |
|---|---|---|
| Parties to disclose initial claim construction expert(s) and report(s) | [LPR 4.3(a)] (15 days later) | January 4, 2027 |
| Parties to disclose rebuttal claim construction expert(s) and report(s) | [LPR 4.3(b)] (15 days later) | January 19, 2027 |
| Last day to complete claim construction expert depositions | [LPR 4.3(c)] (15 days later) | February 3, 2027 |
| Exchange of final claim constructions | [LPR 4.2(c)] (5 days later) | February 8, 2027 |
| Opening claim construction briefs | [LPR 4.4(a)] (15 days later) | February 23, 2027 |
| Responsive claim construction briefs | [LPR 4.4(b)] (30 days later) | March 25, 2027 |
| Joint claim construction and prehearing statements | [LPR 4.5] (5 days later) | March 30, 2027 |
| Claim Construction Hearing | [LPR 4.6] (approximately 30 days later) | On or about April 26, 2027, subject to the Court's calendar |
| Disclosure of reliance on advice of counsel | [LPR 4.8] | 90 days before close of fact discovery |
| Defendant to serve final invalidity and unenforceability contentions | [LPR 3.10(c)] | 30 days after claim construction ruling |
| Close of fact discovery | [LPR 4.7] | 30 days after claim construction ruling |
| Post-claim construction status conference | [LPR 4.7] | 30 days after claim construction ruling |
| Plaintiff to serve final validity and enforceability contentions | [LPR 3.10(d)] | 45 days after claim construction ruling |
| Parties to disclose merits expert(s) and report(s) | [LPR 5.1(b)] | 60 days after claim construction ruling |
| Parties to disclose rebuttal merits expert(s) and report(s) | [LPR 5.1(c)] | 30 days after service of merit expert(s) disclosures |
| Last day to complete merits expert depositions | [LPR 5.2] | 40 days after exchange of expert rebuttal disclosures |
| Deadline for dispositive motions | [LPR 6.1] | 10 days after last day to complete merits expert depositions |
| Trial | [LPR 6.2] | On or about, 75 days after the filing date of the last dispositive motion |

| | | |
|---|---|---|
| | | brief deadline, subject to the Court's calendar |

**b.** If the parties are advocating a departure from the dates set forth in the Patent Local Rules, set forth the basis for said departure: **<u>Given the recent agreement to dismiss Plaintiff's patent infringement claims, and Defendants' intention to then dismiss its two non-infringement declaratory judgment claims, the parties' proposed schedule does not include the deadlines in LPR 3.1-3.4 related to patent infringement. Further, given these recent changes in the claims in the case, the parties propose that the first deadline in the schedule is set for 60 days after the CMC.</u>**

4. **Anticipated Motions**

a. The parties anticipate filing the following motions:

**i.** **Preliminary Injunction:** Not anticipated at this time.

**ii.** **Motion to add or substitute parties:** Not anticipated at this time.

**iii.** **Other:** Not anticipated at this time.

b. The following issues may be the proper subject of an early motion for summary judgment or partial summary adjudication:

**i.** **Inventorship or indefiniteness:** Not anticipated at this time.

**ii.** **Invalidating sale, offer for sale or display:** Defendants anticipate filing an early motion for summary judgment on grounds which include, but are not limited to, prior sale, prior offer for sale, or prior display.

**iii.** **Other:** Plaintiff anticipates filing a dispositive motion as to Defendants' invalidity unenforceability, and exceptional case counterclaims.

**5.** **<u>Nature of Dispute</u>**

**a. Describe the field of the claimed invention:** The claimed invention relates to flexible handle toothbrushes.

**b. Claims asserted:** N/A.

**c.** The parties anticipate requesting that the Court construe **<u>certain</u>** claim terms.

**d. Describe the allegedly infringing activity or product**: N/A.

**e. Describe any potentially non-fringing alternative designs:** N/A.

**f.** The parties **have not** stipulated that the above-described designs do not infringe the patents in issue.

6. **Discovery**

a. If the parties anticipate needing to propound interrogatories and/or take depositions in excess of the number provided in the Federal Rules of Civil Procedure, set forth the proposed limit and basis for the request: **The parties do not anticipate exceeding the discovery limitations set forth in the rules.**

b. The parties **have not** agreed to an electronic discovery plan. Absent agreement by the parties, the default standard for e-discovery set forth Appendix K to the Local Rules applies.

c. The parties anticipate the following discovery issues: **None.**

7. **Protective Order**

a. The parties **have not yet** agreed to the form Patent Protective Order set forth in Appendix C to the Local Patent Rules.

b. If the parties do not reach agreement on the form Patent Protective Order, the parties plan to submit an alternative proposed protective order for adoption by the Court.

c. Identify any issues the Court should be aware of with respect to the confidentiality concerns of the parties: **None.**

8. **Claim Construction Hearing.** The parties propose the following format for the Claim Construction Hearing:

a. Order of presentation: **Defendants present first, followed by Plaintiff, with rebuttal by Defendants**

b. Anticipated number of witnesses: **None.**

c. Anticipated length of hearing: **Half day.**

9. The parties **have** consented, pursuant to Fed. R.Civ. P. 5(b)(2)(E), to the electronic exchange of pleadings, notices, discovery, and other mandated disclosures not otherwise served electronically via the Court's electronic filing system.

10. The parties **have** discussed settlement and the appropriateness of Alternative Dispute Resolution. **No later than 14 days before the CMC, Plaintiff made a written demand with a description and monetary breakdown of the damages claimed. No later than 7 days before the CMC, Defendants responded in writing with an offer.**

Dated: August 5, 2026

Respectfully submitted,

*/s/ Zachary S. Tedford*
David B. Cupar (0071622)
Matthew J. Cavanagh (0079522)
Benjamin Foote-Huth (0104192)
McDonald Hopkins LLC
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114
t 216.348.5400 | f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com
bfootehuth@mcdonaldhopkins.com

and

David M. Kohn (*pro hac vice*)
Michael T. Lane (*pro hac vice*)
John M. Houkom (*pro hac vice*)
Zachary S. Tedford (*pro hac vice*)
Lewis Kohn & Walker, LLP
17085 Via Del Campo
San Diego, CA 92127
t 858.436.1332 | f 858.436.1349
dkohn@lewiskohn.com mlane@lewiskohn.com
jhoukom@lewiskohn.com ztedford@lewiskohn.com

*Attorneys for Plaintiff Loops, L.L.C.*

*/s/ Mark W. McDougall*
Mark W. McDougall (#0080698)
mmcdougall@calfee.com
Andrew W. Alexander (#0091167)
aalexander@calfee.com
CALFEE HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
Telephone: (216) 622-8200
Facsimile: (216) 241-0816

and

Boyoon Choi (*pro hac vice*)
b.choi@ccl.law
Choi Capital Law
Ste. 2246
1420 Fifth Ave.

Seattle, WA 98101
Telephone: (206) 588-0463
Facsimile: (206) 971-1650

*Attorneys for Defendants Maxill, Inc., an Ohio corporation, Maxill Realty, Inc., Maxill Inc., a Canadian corporation, and John Dennie Shaw*