**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Loops, L.L.C., | ) | |
| | ) | Case No. 4:25-cv-02346-BYP |
| Plaintiff, | ) | |
| | ) | Judge Benita Y. Pearson |
| vs. | ) | |
| | ) | |
| Maxill Inc., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Plaintiff Loops, L.L.C.'s Motion to Dismiss Patent Infringement Claims With Prejudice**

Plaintiff Loops, L.L.C. ("Loops") hereby moves under Federal Rule of Civil Procedure 21 to dismiss with prejudice its First and Second Claims for Relief asserted in its First Amended Complaint (ECF 24) for infringement of U.S. Patent Nos. 11,013,311 ('311 Patent") and 10,334,940 ('940 Patent). Loops' Third Claim for Relief brought under Ohio's Fraudulent Transfer Act is not subject to this Motion and would remain pending.

**Statement of Facts**

Loops commenced this action by asserting claims against Maxill Inc., a Canadian corporation ("Maxill Canada"), Maxill, Inc., an Ohio corporation ("Maxill Ohio"), Maxill Realty, Inc. ("Maxill Realty"), BaderCap Pty Ltd. ("BaderCap"), and John Dennie Shaw ("Shaw") for infringement of the '311 and '940 Patents, together with a fraudulent transfer claim against Maxill Realty, BaderCap, and Shaw arising from alleged fraudulent transfers of assets.[1]

The parties recently discussed a stipulated dismissal of Loops' patent infringement claims and Maxill Defendants' counterclaims asserting defenses against Loops' patents. the

---

[1] Maxill Canada, Maxill Ohio, Maxill Realty, and Shaw are collectively referred to herein as the "Maxill Defendants."

parties were unable to reach an agreement because the Maxill Defendants were not willing to include a dismissal of all of their patent defense counterclaims in that stipulation. Loops therefore brings this Motion solely to dismiss its patent infringement claims with prejudice, which should not be controversial or opposed by defendants. By dismissing the affirmative patent infringement claims, Loops will simplify the case and focus on its fraudulent transfer claims. Loops has patent claims against the same accused Maxill toothbrush products pending in the U.S. District Court for the Western District of Washington (*see* ECF 33 at PageID 411-412), such that having additional patent claims here is not essential.

## Law and Argument

**The Court should dismiss the patent infringement claims under Rule 21.**

Rule 21 authorizes the Court, "[o]n motion or on its own," to "at any time … sever any claim against a party." Fed. R. Civ. P. 21. Because Rule 41 "can only be used to dismiss entire *actions*," a motion to voluntarily "dismiss fewer than all claims or parties from an action falls to Rule 21." *Financial Resources Federal Credit Union v. Diebold, Inc.*, No. 5:21-cv-00219, 2021 WL 4270077, at *1 (N.D. Ohio Apr. 29, 2021).

A court should ordinarily grant a plaintiff's motion to voluntarily dismiss its claims "with prejudice." *See Smoot v. Fox*, 340 F.2d 301, 302-03 (6th Cir. 1964) (recognizing a plaintiff's right to dismiss its claims with prejudice and noting court has "no power" to force plaintiff to prosecute claim that "for any reason [it] wishes to dismiss ... with prejudice"); *Pedreira v. Sunrise Children's Servs.*, 79 F.4th 741, 751-52 (6th Cir. 2023) (affirming dismissal with prejudice where such dismissal did not foreclose any claim or defense asserted by the opposing party).

This law applies with equal force to a motion to dismiss under Rule 21, especially when the case is in its early stages, as it is here. *See Fin'l Resources*, 2021 WL 4270077, at *1-2 (granting Rule 21 dismissal of single defendant without prejudice).

Dismissal is appropriate here under Rule 21, where Loops seeks to dismiss its own patent infringement claims *with* prejudice. Doing so will reduce and simplify the issues and reduce the cost and burden on the Court and parties.

## Conclusion

The Court should dismiss with prejudice the First and Second Claims for Relief asserted in its First Amended Complaint (ECF 24) for infringement of U.S. Patent Nos. 11,013,311 and 10,334,940.

Respectfully submitted,

Dated: August 10, 2026

s/ Matthew J. Cavanagh

David B. Cupar (0071622)
Matthew J. Cavanagh (0079522)
Benjamin Foote-Huth (0104192)
McDonald Hopkins LLC
600 Superior Ave., East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com
bfootehuth@mcdonaldhopkins.com

and

David M. Kohn (pro hac vice)
Zachary S. Tedford (pro hac vice)
Lewis Kohn & Walker LLP
17085 Via Del Campo
San Diego, CA 92127
t 858.436.1332 | f 858.436.1349
dkohn@lewiskohn.com
ztedford@lewiskohn.com

*Counsel for Loops L.L.C.*