PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LOOPS, LLC, | ) | CASE NO. 4:25-CV-2346 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | **CASE MANAGEMENT** |
| | ) | **CONFERENCE ORDER** |
| MAXILL, INC. *et al.*, | ) | |
| | ) | CASE MANAGEMENT PLAN |
| Defendants. | ) | |
| | ) | LR 16.1(b)(4) |

1. A Telephonic Case Management Conference was conducted on August 10, 2026.

2. The following parties were present:
   A. Plaintiff/Counter-Defendant: Steven Kayser, representative of Loops, LLC
   B. Defendant(s)/Counterclaimant(s): John Dennie Shaw, on behalf of himself and as a representative of Maxill, Inc., a Canadian corporation, Maxill, Inc., an Ohio corporation, and Maxill Realty, Inc., an Ohio corporation.

3. The following attorneys were present:
   A. Plaintiff's counsel: David M. Kohns, Mattew J. Cavanaugh, and Zachary S. Tedford
   B. Defendants' counsel: Mark W. McDougall and Andrew W. Alexander

4. The Discovery Plan was filed on August 5, 2026.

**REGISTRATION FOR RECEIPT OF ELECTRONIC DOCUMENTS**

To effectively use the electronic filing system and retrieve documents from the electronic filing system, users, including members of the public, must have a PACER (Public Access to Court Electronic Records) account. NextGen CM/ECF registration for e-filing and notification is required in the Northern District of Ohio unless otherwise ordered by the Court. Register online at https://pacer.uscourts.gov/; and the registration form can be completed at: https://pacer.psc.uscourts.gov/pscof/registration.jsf.

NextGen CM/ECF Registration for the Northern District of Ohio is located on the Court's web site at: https://www.ohnd.uscourts.gov/electronic-filing-registration.

Once registration is completed and approved by the Court, the party will be notified via email that filing privileges have been granted. The user's login and password required to submit documents to the electronic filing system serve as the user's signature on all electronic documents filed with the Court.

The Clerk's Office has established an Electronic Filing Help Desk at 1-800-355-8498 to answer questions and assist should difficulties arise.

**RULINGS ON ADDITIONAL MATTERS PURSUANT TO LR 16.3(b)(2)**

5. The case will proceed on the Standard Track. Discovery for Plaintiff's fraudulent transfer claim shall proceed concurrent to discovery for Defendants' patent claims as explained further below.

6. The parties do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

7. There are no case-specific rulings as to the type and extent of discovery. The parties are to follow the limits established by the Local and Federal civil rules.

8. The parties agreed to comply with the default standard for the discovery of electronically stored information ("ESI") established in Appendix K to N.D. Ohio

Local Rules. On or before August 24, 2026, Plaintiff shall file a joint stipulation to Appendix K for the Court's review and approval.

9. To bring this case to a prompt conclusion, counsel are instructed to confer with each other frequently. The Court expects counsel to respond to each other's telephone or mail messages within 48 hours, except in extremely unusual circumstances. If no such response is received, counsel may memorialize the incident by letter to the Court.

10. **Discovery Plan:**

A. The parties shall abide the following patent litigation procedures concerning Defendants' patent counterclaims, consistent with the Local Patent Rules for the Northern District of Ohio.

| Date | Litigation Event/Procedure |
|---|---|
| 10/9/2026 | Defendant to serve invalidity and unenforceability contentions and accompanying document production. |
| 10/29/2026 | Plaintiff to serve validity and enforceability contentions. |
| 11/13/2026 | Parties exchange list of proposed terms for construction. |
| 12/3/2026 | Parties serve final list of terms for construction. |
| 12/18/2026 | Parties exchange preliminary proposed constructions. |
| 1/4/2027 | Parties disclose initial claim construction expert(s) and report(s). |
| 1/19/2027 | Parties to disclose rebuttal claim construction expert(s) and report(s). |
| 2/3/2027 | Last day to complete claim construction expert deposition. |
| 2/8/2027 | Exchange of final claim constructions |
| 2/23/2027 | Opening claim construction briefs |
| 3/25/2027 | Responsive claim construction briefs |
| 3/30/2027 | Joint claim construction and prehearing statements |
| 4/26/2027 | Claim construction hearing |
| 3/29/2027 | Disclosure of reliance on advice of counsel. |
| 6/25/2027 | Defendant to serve final invalidity and unenforceability contentions. |

(4:25CV2346)

| Date | Litigation Event/Procedure |
|---|---|
| 6/25/2027 | Close of fact discovery. |
| 6/25/2027 | Post-claim construction status conference. |
| 7/12/2027 | Plaintiff to serve final validity and enforceability contentions. |
| 7/26/2027 | Parties to disclose merits expert(s) and report(s). |
| 8/25/2027 | Parties to disclose rebuttal merits expert(s) and report(s). |
| 10/4/2027 | Last day to complete merits expert deposition. |
| 10/14/2027 | Dispositive motions. |
| TBD | Trial |

B. The parties shall abide the following discovery schedule concerning Plaintiff's fraudulent transfer claim. Discovery shall conclude on February 10, 2027.

i. Fact discovery shall conclude November 10, 2026.

ii. Expert discovery, if any, shall comply with the following schedule:

1. Disclosure of the expert witness(es) and report(s) for the party bearing the burden of proof on an issue are due December 10, 2026
2. Disclosure of the expert witness(es) and report(s) for the party without the burden of proof on an issue are due January 11, 2027.
3. Expert discovery shall conclude on February 10, 2027.

If expert discovery is not required, the parties may use the time allotted for expert discovery to continue fact discovery.

11. Counsel shall comply with LR 37.1, which outlines a process for resolution of discovery disputes – steps that must be taken in advance of a party's filing of a discovery motion. The first step requires the parties to make a sincere, good faith effort to resolve the dispute. Next, if the parties' sincere, good faith efforts have failed to resolve the dispute, the Court should be given informal notice, along with a certification of the effort made. This notice can be made by letter or a telephone call to chambers with both sides' counsel on the line. The Court may then choose to hold a telephonic conference or take other steps to resolve the dispute. If the Court is unable to

resolve the dispute, the Court may authorize the filing of a discovery motion. LR 37.1. A discovery motion should only be filed *after* having been solicited by the Court.

12. **Regarding the handling of disclosed privileged material:** The parties have not reached an agreement regarding the handling of disclosed privileged material. *See* Discovery Plan (ECF No. 48). On or before August 24, 2026, Plaintiff's counsel shall file the stipulation reached by the parties regarding the handling of trial-preparation material. *See* Fed. R. Civ. P. 16(b)(3)(B)(iv) and 26(b)(5)(B). *See also* ECF No. 43-4 (Attachment No. 4).

13. Without leave of Court, no discovery or disclosure materials may be filed, except as necessary to support dispositive motions. If a party intends to rely on deposition testimony in support of its position on a motion, the Court prefers the filing of the entire deposition rather than excerpts, unless the party truly believes that excerpts are sufficient, and with the proviso that any other party who believes the excerpts offered are not sufficient is free to file the entire deposition. In any event, discovery and disclosure materials submitted in support of any party's position shall be filed at the same time as that party's memorandum setting forth its position.

14. If a party believes there is a reason to amend the pleadings, that party shall adhere to Rule 15. *See* Fed. R. Civ. P. 15(a) (requiring a showing that an amendment is proper). A party must demonstrate that an amendment is proper under Rule 15(a). Absent written consent of the adverse party, the party seeking to amend must alert the Court and the adverse party to the substance of the proposed amendment by filing a Motion for Leave with an accompanying memorandum of law addressing the requirements of Rule 15(a). In all cases, the party seeking leave of Court to amend must certify that prior notice of the proposed amendment was given and the adverse party withheld consent. The Court reminds parties of the availability of amendments by interlineation and agreement.

15. Before a party may file a dispositive motion, it must submit a written request for judgment or to be dismissed to opposing counsel. Opposing counsel shall either agree to the judgment or request for dismissal or shall give explicit reasons in writing for refusing to do so. Upon such refusal, the party shall reassess its position and may file a dispositive motion if the party believes it is still entitled to summary judgment or dismissal. The dispositive motion must be accompanied by a statement certifying that this exchange has occurred.

The cutoff for filing dispositive motions concerning Plaintiff's fraudulent transfer claim is March 29, 2027. Responses shall be filed by April 28 2027 (*see* LR 7.1(d)). Replies shall be filed by May 12, 2027 (*see* LR 7.1(e)).

Lead counsel of record shall confer with one another in person in order to prepare written stipulations as to all uncontested facts to be presented by the dispositive motion. The stipulations shall be filed with the Court on or before March 29, 2027. If there are no stipulations, a joint notice stating same shall be filed by the same date. These are mandatory requirements.

The cutoff for filing dispositive motions concerning Defendants' patent counterclaims is October 14, 2027. Responses shall be filed by November 15, 2027 (*see* LR 7.1(d)). Replies shall be filed by November 29, 2027 (*see* LR 7.1(e)).

16. The parties agreed to stipulate to the default Protective Order included at Appendix A of the Local Patent Rules for the Northern District of Ohio. On or before August 24, 2026, Plaintiff's counsel shall file the stipulation to Appendix A for the Court's review and approval. Any proposed order will be rejected by the Court unless it provides that, where materials designated "confidential" are used in support of or in opposition to a motion, the party so using the material shall file the document under seal. *See* Electronic Filing Policies and Procedures Manual at §§ 19 and 24. Manually filed sealed documents shall not be presented to the Court unless electronic filing is not possible. The proposed order shall also provide that the parties agree to be bound by its terms, during the litigation, prior and subsequent to entry by the Court. An agreed protective order which complies with the above will be approved, but with the

understanding that, in the event this case should go to trial, no materials used in open court shall be entitled to the continuing designation of "confidential."

If any party seeks to obtain judgment by either a motion to dismiss or a motion for summary judgment, only supporting confidential documentation, not the motions themselves, may be filed under seal.

17. Counsel shall comply with LR 5.2. See Electronic Filing Policies and Procedures Manual, at pg. 8–11 for further instructions.

18. Additional Rulings Regarding Motions – LR 7.1(b)-(i) (1/6/20):

The Court will strictly enforce provisions regarding length of memoranda filed in support of motions. *See* LR 7.1(f). Motions for relief from the length restrictions must show good cause for such relief and must be made sufficiently in advance to permit the Court to rule and the Clerk's Office to issue the ruling. Motions for relief from length restrictions which are filed contemporaneously with the memorandum exceeding the page limits will be denied.

The Court will permit only the motion with its supporting memorandum, the memorandum in opposition, and a reply. No sur-replies will be permitted absent advance leave of Court.

IT IS SO ORDERED.

August 12, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge