# Exhibit A

## Cavanagh, Matthew J.

**From:** Andrew Alexander <AAlexander@Calfee.com>
**Sent:** Wednesday, August 12, 2026 5:38 PM
**To:** Cavanagh, Matthew J.; Mark McDougall
**Cc:** Cupar, David B.; David Kohn; Zachary Tedford; Boyoon Choi; Kyle Deighan
**Subject:** [External] RE: Loops v. Maxill

Matt,

As we stated before, Maxill will dismiss Counterclaims V and VI for noninfringement in light of Loops dismissing its patent infringement claims. Maxill, however, will not dismiss Counterclaims I, II (invalidity of the ’311 and ’940 Patents); Counterclaims III, IV (unenforceability of the ’311 and ’940 Patents); or Counterclaim VII (exceptional case under § 285). Maxill disagrees with Loops’s position that there is no longer a live case or controversy to justify these counterclaims.

***First***, Maxill has standing to seek fees under § 285 whether or not Loops dismissed its claims. Loops brought these claims in bad faith to harass Maxill and John Shaw. Loops concealed its own prior sales (along with a host of other prior art that Maxill disclosed to Loops in the Washington and Canadian cases) from the USPTO to procure these patents (along with other patents in the family issued before and after the asserted patents). Then Loops asserted these patents in this case against products that Maxill sold well before the earliest priority date for the patents. This case is exceptional, and Loops’s belated dismissal does not change that.

***Second***, it is well established that without a sufficient covenant not to sue Maxill, Maxill has standing to invalidate the ’940 and ’311 patents. *See Revolution Eyewear, Inc.*, 556 F.3d 1294 (2009). Loops made it clear that it intends to bar Maxill from selling the Accused Products going forward, remarkably demanding that Maxill stop selling the Accused Products in its initial offer letter while simultaneously intending to dismiss its patent infringement claims. Maxill does not infringe any valid Loops patent claim and intends to continue selling the Accused Products. So without a sufficient covenant not to sue, Maxill has standing to invalidate these patents. In addition, Loops’s complaint only asserted claims 1–3 in the ’940 Patent, leaving open the possibility that Loops could assert claims 4–6 at a later date without a sufficient covenant not to sue. To date, Loops has not issued to Maxill any covenant not to sue, other than a preliminary proposal via email. And as explained below, that covenant is insufficient.

***Third***, Maxill has standing to assert its inequitable conduct counterclaims for the same reasons stated above with respect to the invalidity counterclaims. In addition, because Maxill has standing to pursue its § 285 claim based on Loops’s inequitable conduct before the USPTO, Maxill also has standing to pursue its unenforceability counterclaims. *See Monsanto Co. v. Bayer Bioscience N.V.*, 514 F.3d 1229, 1242-43 (Fed. Cir. 2008). Maxill also has standing to pursue its unenforceability counterclaims because Loops has issued patents and pending applications in the same patent family of the asserted patents that are substantially similar to the asserted patents and infected by the same inequitable conduct (*see, e.g.*, US 12,064,028). Loops has spent the last decade dragging Maxill into court (although Loops is yet to prevail on any claims). Loops dropping its claims for only the ’940 and ’311 patents gives Maxill little comfort that Loops won’t sue Maxill again under a different unasserted patent that is also unenforceable for the same reasons. And if Loops refuses to provide a covenant not to sue on related patents, that makes the controversy even more immediate. There is thus a live controversy with respect to the unenforceability of the asserted patents so long as the covenant not to sue is not broad enough to cover any infected family members.

Accordingly, before filing its motion to dismiss, please confirm what, if any, covenant not to sue Loops is granting to Maxill so Maxill can properly consider it.

Regards,

Andy

**Andrew W. Alexander**
*Attorney at Law*

aalexander@calfee.com
216.622.8634 **Office**
216.241.0816 **Fax**

**Calfee, Halter & Griswold LLP**
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114-1607

---

**Calfee.com | Info@Calfee.com | 888.CALFEE1**

This electronic mail transmission may contain confidential and legally privileged information from the law firm of Calfee, Halter & Griswold LLP intended only for the use of the individual(s) identified as addressee(s). If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this electronic mail transmission is strictly prohibited. If you have received this transmission in error, please notify me by telephone immediately.

**From:** Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com>
**Sent:** Monday, August 10, 2026 4:46 PM
**To:** Mark McDougall <MMcDougall@Calfee.com>; Andrew Alexander <AAlexander@Calfee.com>
**Cc:** Cupar, David B. <dcupar@mcdonaldhopkins.com>; David Kohn <DKohn@lewiskohn.com>; Zachary Tedford <ztedford@lewiskohn.com>
**Subject:** Loops v. Maxill

Mark,

In accordance with Judge Pearson's dispositive motion pre-filing requirement (ECF 43 at PageID 628), Loops hereby requests that the defendants agree to dismiss their counterclaims in this action. The counterclaims seek declaratory judgments on defenses against the two patents that plaintiff has now voluntarily dismissed with prejudice. Because the affirmative patent infringement claims have been dismissed with prejudice, there is no need to litigate Maxill's defenses against those patents. There is no live case or controversy to justify the counterclaims and, additionally, for efficiency reasons, the Court should exercise its discretion to not decide those declaratory judgment counterclaims.

Please let us know if defendants agree to this request for dismissal or, if not, please provide explicit reasons in writing for refusing to do so.

Regards,
Matt

**Matt Cavanagh**
**Member**

**T: 216.348.5730**
**M: 216.496.5834**
**F: 216.348.5474**
**mcavanagh@mcdonaldhopkins.com**
**www.mcdonaldhopkins.com**

**600 Superior Avenue East**
**Suite 2100**
**Cleveland, OH 44114**

McDonald Hopkins
A business advisory and advocacy law firm®

[WARNING] This email originated outside of McDonald Hopkins.
Do not click links or open attachments unless you recognize the sender and know the content is safe. Do not provide your user ID or password!