**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Loops, L.L.C., | ) | |
| | ) | Case No. 4:25-cv-02346-BYP |
| Plaintiff, | ) | |
| | ) | Judge Benita Y. Pearson |
| vs. | ) | |
| | ) | [*Filed Concurrently with Plaintiff Loops, L.L.C.'s Status Report and Request for LR 37.1 Telephone Conference*] |
| Maxill Inc., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Declaration of Zachary S. Tedford in Support of**
**Plaintiff Loops, L.L.C.'s Status Report and Request for LR 37.1 Telephone Conference**

I, Zachary S. Tedford, declare as follows:

1. I am an attorney with Lewis Kohn & Walker LLP, counsel for Plaintiff Loops, L.L.C. ("Loops") in this action. I submit this declaration in support of Loops' Status Report and Request for LR 37.1 Telephone Conference ("Status Report"). I have personal knowledge of the matters stated herein, except where I identify information supplied by others. I could testify competently to these matters.

2. On August 14, 2026, Loops served interrogatories, requests for production of documents, and requests for admission on John Dennie Shaw ("Shaw") pursuant to the Court's July 30, 2026 Order.

3. On September 14, 2026, Shaw served objections and responses to the Limited Discovery Requests. Attached as **Exhibits 1, 2, and 3** are true and correct copies of Shaw's responses to Loops' interrogatories, requests for production, and requests for admission, respectively, highlighted where relevant to the Status Report.

4. Shaw's September 14, 2026 interrogatory responses bore an electronic signature for Shaw but contained no verification under oath or declaration under penalty of perjury.

5. I reviewed the document production served with Shaw's September 14, 2026 responses. It contained no email correspondence with BaderCap Pty Ltd. ("BaderCap") or Alfred Monderas and consisted entirely of documents Loops already possessed or that were publicly available court filings or UCC financing statements.

6. Attached as **Exhibit 4** is a true and correct copy of the meet and confer letter I emailed Shaw's counsel on September 18, 2026.

7. I have received no response to the September 18, 2026 meet and confer letter (Exhibit 4), and Shaw provided no supplemental responses.

8. On September 24, 2026, Loops took Shaw's deposition pursuant to the Order.

9. Attached as **Exhibit 5** are true and correct excerpts of the reporter's rough transcript, retaining its original introductory notice and highlighted where relevant to the Status Report. The certified transcript will not be available before the September 30 status report deadline. My account is based on my personal participation in the deposition, with the rough excerpts identifying the relevant exchanges.

10. No attorney-client privilege was asserted as a basis for withholding the contact information in these exchanges.

11. Attached as **Exhibit 6** is a true and correct copy of the meet and confer email I sent to Shaw's counsel on September 25, 2026.

12. As of the date of my execution of this declaration, I have received no response to my September 25 email (Exhibit 6) and no requested supplementation, including the promised contact information, responsive communications, or verified supplemental discovery responses.

13. On September 21, 2026 I spoke with Wayne Egan of WeirFoulds LLP about the Toronto address Shaw supplied for BaderCap and requested written confirmation as to whether

BaderCap has ever been located there. He confirmed by email that BaderCap had never been located at the firm's offices at that address, that the firm did not act for BaderCap, and that it was not authorized to accept service for BaderCap. Attached as **Exhibit 7** is a true and correct copy of that exchange.

14. Before Shaw's deposition, our office contacted Stellar Konsulting about service at the Taipei, Taiwan address Shaw supplied for BaderCap. I participated in that correspondence, supplied the proposed service documents and address, and requested estimates. On September 21, 2026, Stellar quoted $7,807 for its informal service option and $10,262 for its formal service option, each including $6,342 for translation. Stellar also advised that it could not conduct a skip trace in Taiwan.

15. Loops is also preparing to seek leave to file a second amended complaint to, without limitation, name additional defendants and newly discovered factual allegations, including transfers and obligations not previously known or understood.

16. Loops incurred significant attorneys' fees and expenses in preparing and serving the authorized written discovery, reviewing Shaw's responses and production, addressing discovery deficiencies, and preparing for and conducting his September 24 deposition. The deposition proceeded without the requested supplemental responses and document production and remained incomplete because Shaw refused to answer the disputed questions. If requested by the Court, Loops can provide a further submission identifying the fees and expenses attributable to Shaw's withholding of responsive information in written discovery and at his deposition.

17. I certify that I made sincere, good faith efforts to resolve the disputes described above without Court intervention. Those efforts included my September 18, 2026

letter identifying deficiencies and inviting discussion (Exhibit 4), requests and discussion during the deposition, my offer to designate the testimony confidential, my willingness to confer further after adjournment of the deposition, and my September 25 follow-up meet and confer letter seeking the promised supplemental materials (Exhibit 6) which has not been provided. These discovery disputes remain unresolved despite those efforts.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 30, 2026, at San Diego, California.

/s/ Zachary S. Tedford

Zachary S. Tedford, Declarant